DENISON & PACIFIC SUBURBAN RAILWAY COMPANY v. ED. SMITH.

Delivered May 16, 1898.

1. **Parties—Objection for Nonjoinder.**

An objection for nonjoinder of parties must be raised by plea in abatement.

2. **Same—Rights of Lienholder Not Affected.**

In an action of damages for injury to real property, where defendant did not plead that there was a lien on the property and that the lienholder was a necessary party to the suit, it was not error to exclude evidence showing there was a lien on the property, where it appeared that, as damaged, it was still worth more than the amount of the lien debt.

3. **Mortgage—Title to Mortgagor.**

In this State a mortgage upon land conveys no title to the mortgagee, but is merely a security for the debt.

4. **Pleading Damages to Realty—Measure of Damages.**

It is not necessary for one suing for damages to realty to plead what is the difference in value between the property before and after its damage in order to have the rule as to the difference in the values applied as the measure of the damage.

5. **Same—Defensive Pleadings.**

Where the defendant relies on a defense which would take the case out of the general rule of damages, or modify the rule, he should plead the same.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*T. J. Freeman* and *Head, Dillard & Muse,* for appellant.

*C. B. Randell* and *J. W. Finley,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted on August 25, 1896, by appellee against appellant to recover damages alleged to have been caused to lots four and five in block 15, Dumas' addition to

the town of Denison, by the construction of defendant's railroad in a cut adjacent thereto.

A trial before a jury on October 12, 1897, resulted in a verdict and judgment in favor of plaintiff for the sum of $550, from which judgment this appeal is prosecuted, defendant having given notice of appeal and filed bond and assignment of errors in compliance with the statute and rules.

*Conclusions of Fact.*—From the evidence, we conclude that the appellee was the owner of the property described in his petition, and that the same was damaged by the making of the cut in Munson Street and the building of defendant's railroad therein, by the cutting off of the means of ingress and egress to and from plaintiff's property, and that thereby he sustained damages in the amount found by the jury.

*Opinion.*—Appellant's first assignment of error reads: "The court erred in refusing to allow defendant to show that there was a valid lien outstanding in favor of the building and loan association upon the property which plaintiff claims in this case to have been damaged."

The proposition urged under this assignment is, that a lienholder is entitled to the damage caused to the property to the amount of his lien.

There was no plea by defendant that there was a lien on the property, and that the lienholder was a necessary party to the suit. The record shows that upon the trial of the cause, while plaintiff was upon the witness stand, the defendant offered to prove by him that the building and loan association had a valid subsisting lien on the lots which are alleged to have been damaged to an amount more than the verdict in this case. There is no contention made that the property after the damage done to it by defendant is insufficient to satisfy the lien upon it. The undisputed evidence shows that the property, after the building of defendant's railroad, was worth not less than $800. The verdict is for $550. Under this state of the record, it would seem that the property after the damage was ample security for the debt. Again, it has been held, that if the defendant desired to raise the question of nonjoinder of parties it must do so by plea in abatement. Perry v. Everett, 73 Texas, 433; Railway v. LeGierse, 51 Texas, 189.

Appellant further contends that the allegation of ownership of the land by plaintiff is disproved, by showing a valid outstanding lien upon the land in a third party. In this State a mortgage upon land conveys no title to the mortgagee. The mortgage is but a security for the debt, and the title to the land remains in the mortgagor. Willis v. Moore, 59 Texas, 628. Not only does the mortgagor retain the legal title, but also the equitable title. Fuller v. O'Neil, 69 Texas, 351; Duty v. Graham, 12 Texas, 427. The evidence was not admissible to show ownership of the land in the holder of the lien.

Appellant's second assignment of error complains of the verdict of the jury as being excessive.

The evidence is amply sufficient to sustain the verdict, and this assignment is overruled.

The third assignment of error is as follows: "The court erred in charging the jury that the measure of plaintiff's damages would be the difference in the value of the property just before and just after the construction of defendant's road, there being no allegation in plaintiff's petition of such difference in value."

The petition alleges the fact of the construction of the railroad by the defendant and the making of the cut extending from the southern limits of the city of Denison across certain streets to the depth of twenty-five feet and twenty-five feet wide, and that thereby the means of ingress and egress to and from plaintiff's property was shut off and the property injured. The petition set out in detail the location of plaintiff's property and the means of approach thereto, and the manner in which said approach was interfered with by the making of the cut by defendant and the building of its railroad, and alleged damages thereby in the sum of $1500. The rule for the measure of the damage was not set out in the petition. It was not necessary that this should be done. The damages were alleged. The court in its charge gave the correct rule as to the measure of damages. Railway v. O'Malley, 45 S. W. Rep., 628; Railway v. Hall, 79 Texas, 326.

Appellant insists that there was evidence that about ten months after the making of the cut in the street and the building of the railroad by defendant, a bridge was constructed over the track on Munson Street, and thereby the damage was greatly lessened, and that there is evidence in the record tending to show this.

There is no evidence in the record to sustain this contention. There is evidence that the approach to plaintiff's property before the construction of the railroad was by an alley in the rear of his property; that this alley was cut off and could not be used by reason of the cut made in the building of defendant's railroad. This alley leads into Munson Street, in which the railroad is constructed in a cut therein. About fourteen months after the making of the cut and the building of the railroad in Munson Street a bridge was constructed over the cut and track, across Munson Street. The evidence does not disclose what effect the building of this bridge had on plaintiff's damage. There was no pleading by defendant that the building of the bridge lessened the damage. If the defendant relied on a defense which would take the case out of the general rule of damages, or modify such rule, it should have pleaded the same.

We do not think, in the condition of the record, there is any merit in appellant's third assignment, and it is overruled. Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.