## Texas & Pacific Ry. Co. v. Dishman & Tribble.

Decided February 11, 1905.

**1.—Live Stock Shipment—Measure of Damages—Market Value.**

Where horses were injured while en route, by reason of the car containing them catching fire, their market value at the point of destination, and not at the point where the injury occurred, was the test in determining the amount of the damages.

**2.—Same—Burden of Proof.**

The fact that plaintiffs, the shippers, accompanied the horses on the train, did not change the rule which placed the burden of proof on the carrier to show that the fire was not due to its negligence, there being no proof that they assumed the duty of taking care of the horses. Texas & P. Ry. Co. v. Arnold, 16 Texas Civ. App., 74, distinguished.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

*T. J. Freeman* and *J. M. Wagstaff,* for appellant.

*Cunningham & Oliver* and *Hardwicke & Hardwicke,* for appellees. —1. The value of stock at an intermediate point en route to destination is inadmissible, as the market value at the place of destination controls and testimony as to market value should be restricted to the place of destination, and as there was a market and the stock had a

market value at Memphis, the destination, the only evidence as to value was properly restricted to their value at Memphis. Gulf, C. & S. F. Co. v. Stanley, 89 Texas, 44; Missouri, K. & T. Ry. v. Dilworth, 95 Texas, 327.

2. The stock having been damaged by fire and appellant pleading nonresponsibility therefor by reason of exceptions contained in the shipping contract, the "burden of proof was on the carrier not only to show that the cause of the loss was within the terms of the exception, but also that there was on its part no negligence or want of due care," and the court did not err in so charging, especially in view of the charge further providing if the fire was not caused by the negligence of plaintiffs. Missouri P. Ry. Co. v. China Mfg. Co., 79 Texas, 26; Ryan v. Railway, 65 Texas, 13; Texas & P. Ry. Co. v. Tiffany, 94 Texas, 571; St. Louis & S. F. Co. v. Parmer, 30 S. W. Rep., 1109.

STEPHENS, ASSOCIATE JUSTICE.—Suit against appellant and the St. Louis, Iron Mountain & Southern Railway Company for damages to a car of horses carried from Abilene, Texas, to Memphis, Tennessee. The claim against appellant was for $1,999, and that against the other company was for $971. The latter company was dismissed from the case on its plea denying the right of appellees to sue it in Taylor County, Texas. Judgment was rendered on a jury verdict against appellant for $1,600, from which this appeal is prosecuted.

The case was clearly not removable to the Federal Court, the petition stating a separate cause of action against each defendant, without alleging any joint liability, and the amount claimed against each being less than $2,000. Texas & Pacific Railway Co. v. Cushney, 64 S. W. Rep., 795. The contention seems to be that under the allegations and prayer of the petition appellant might have been held liable for the damage claimed against its codefendant as well as that claimed against itself, but we do not so construe the pleading. The petition did not allege, either directly or inferentially, that appellant undertook to carry the car of horses to Memphis, or to any point beyond Texarkana, the end of its line, where it was to be delivered to the next carrier, and, so far from charging appellant with any breach of duty after the car left its road at Texarkana, the petition distinctly limited the claim against appellant to $1,999, for damages occurring on its own line, which express limitation was not affected by the prayer for general relief.

The car was set on fire at Mineola, a station on appellant's road, which resulted in serious injury to the horses, and appellant next complains that the court erred in refusing to permit it to prove the market value of the horses at Mineola; but this contention must also be overruled. The market at Memphis, the place of destination, was the test.

One paragraph of the charge on the measure of damages is criticised; but the only plausible objection raised to it is answered when the rest of the charge is read.

In placing the burden of proof on appellant to show that the injury done the horses by fire was not due to its negligence, the court doubtless undertook to charge the law as announced in the following cases: Ryan v. Railway, 65 Texas, 13; Missouri P. Ry. Co. v. China Mfg. Co., 79 Texas, 26; Texas & P. Ry. Co. v. Tiffany, 94 Texas, 571; Railway

Co. v. Parmer, 30 S. W. Rep., 1109. Appellant cites the case of Texas & P. Ry. Co. v. Arnold, 16 Texas Civ. App., 14, 40 S. W. Rep., 829, as authority to the contrary; but it is not applicable, because the proof not only fails to show that appellees assumed the duty of taking care of the horses, although they accompanied them to Mineola, but it entirely excludes any inference of neglect or fault on their part, and the circumstances warranted the conclusion that appellant was to blame for the burning of the car. Indeed, as the presumption against appellant was not rebutted, we hold that a verdict in its favor would not have been warranted, notwithstanding the contract under which the horses were carried excepted fire, when not caused by the negligence of the carrier, from the risks assumed by it and made the same one of the risks assumed by the appellees.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.