## Adelia Williamson v. Chicago, Rock Island & Gulf Railway Company.

### Decided November 13, 1909.

**1.—Evidence—Leading Interrogatory.**

The following interrogatory: "Did said train auditor abuse or lay hands on or otherwise assault plaintiff in any manner, or did he not do so," held leading in that it suggests one of the crucial issues in the case on trial, and called for the conclusion of the witness on the issue, and the alternative form in which it was put did not free it of said objectionable features.

**2.—Carrier—Ejection of Passenger—Degree of Care.**

Where a passenger upon a railroad train refuses to pay his fare and resists eviction from the train he ceases to be a passenger, and the railroad company is only required to exercise ordinary care in his eviction. The rule that a carrier of passengers is required to exercise the highest degree of care towards its passengers does not apply in such case.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*L. C. Barrett, J. M. Jones, H. H. Cooper* and *J. A. Templeton,* for appellant.—The court erred in sustaining the objections of the defendant to the answers of the witness H. H. Vail to the fifth direct interrogatory, on the ground that such interrogatory was leading and suggested the answer required of the witness. Fire Ass'n of Philadelphia v. Masterson, 83 S. W., 49; United States Gypsum Co. v. Shields, 106 S. W., 724; United States Gypsum Co. v. Shields, 108 S. W., 1165; 50 Cent. Dig., "Witnesses," 837, 838; El Paso, etc., Ry. v. Ruckman, 107 S. W., 1158.

The court erred in the fourth paragraph of its general charge in requiring the defendant in this cause to have exercised no more than ordinary care in the premises when the degree of care required by law was the highest degree of care. Hardin v. Ft. Worth & D. C. Ry. Co., 100 S. W., 995; Ft. Worth & D. C. Ry. Co. v. Hardin, 90 S. W., 679; Hardin v. Ft. Worth & D. C. Ry. Co., 77 S. W., 431.

*N. H. Lassiter, Robert Harrison* and *Turner, Hendricks & Boyce,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant, accompanied by her minor son about ten years old and a minor daughter of six, was a passenger on one of appellee's passenger trains, and appeals from an adverse judgment in a suit instituted by her in the District Court of Potter County to recover damages caused by the alleged wrongful ejection of her said son from said train. The suit was defended on the ground that the son was subject to the payment of passenger fare, which the appellant persistently refused to pay, and that no more force was exercised than was reasonably necessary to remove the boy from the train.

Under the second and third assignments it is insisted that the court erred in sustaining objections to the following interrogatories propounded to the witnesses H. H. Vail and B. Freeland, viz.: "Did said train auditor abuse, or lay hands on, or otherwise assault plaintiff in any manner, or did he not do so?" To this interrogatory the witness Vail answered: "He did, in a rough manner, or I would call it. He jerked the boy away from the woman and shoved her back, and the conductor did not allow her to get off the train." And the witness Freeland answered: "The auditor did not, but the conductor did lay hands on her, and violently wrenched the boy from her."

We think that the court correctly held that the interrogatory was leading, and properly excluded the answers for that reason. The question of whether a given interrogatory is or is not leading is not always easy of solution, but the rules to be applied in the determination have been so frequently and fully set forth and illustrated in the decisions that we hardly feel justified in entering into an elaborate dissection of the interrogatory now before us. We think it sufficient to say that it plainly suggests one of the crucial issues in the case, viz., whether unnecessary force was exercised by appellee's trainmen in the removal complained of, and called for the conclusion of the witness on the issue. It embodied the assumption that the "abuse" or laying on of hands constituted an assault, and the alternative form in which it was put does not free the interrogatory of its objectionable features. See Hanrick v. Alexander, 51 Texas, 500; Bryan Press Co. v. Houston & T. C. Ry. Co., 110 S. W., 99; Ft. Worth & D. C. Ry. Co. v. Jones, 38 Texas Civ. App., 129, and authorities cited.

Error is also assigned to the following paragraph of the court's charge: "If you find and believe from the evidence that the plaintiff was a passenger on the train of the defendant company, as alleged, but that she refused to pay the fare of her son, Frank, then you are instructed that the defendant company would have the right to eject such boy from said train, and was entitled to the use of such force, if

any, as may have been reasonably necessary to make such ejectment, if any, but in making such ejectment, if any, the defendant company would be bound to exercise ordinary care not to injure the plaintiff, and the failure of the defendants and servants of the defendant company to exercise such ordinary care would be negligence."

It is insisted that the charge is erroneous "in requiring the defendant in this cause to have exercised no more than ordinary care in the premises, when the degree of care required by law was the highest degree of care. In answering the criticism made of the charge quoted," it may be said that the charge was at least correct as far as it went, and if appellant desired that a higher degree of care be imposed, that she should have made special request therefor. But aside from this we think the charge, in the connection in which it was used, and as to the phase of the evidence to which it related, was correct. In another paragraph of the charge the jury was instructed to the effect that if the fare of the son had been paid (as she testified), both plaintiff and her son were passengers, and as such entitled to the exercise of the highest degree of care on appellee's part, and that a failure to exercise such care would constitute negligence for which plaintiff was entitled to recover, if thereby she was injured and damaged as alleged. When, however, appellant refused to pay the boy's fare and forcibly resisted his eviction from the car, as appellee's testimony tended to show and as we must find in deference to the verdict of the jury, she forfeited her right as a passenger, and was thereafter only entitled to the care required in the charge objected to. Ft. Worth & D. C. Ry. Co. v. Gribble, 46 Texas Civ. App., 78.

The evidence sufficiently supports appellee's defense, and the remaining assignment of error entitled to notice needs but a passing reference. This assignment goes to the exclusion of the answer of the witness Vail to the fifth direct interrogatory, but the ruling was at least harmless, in view of the fact that the witness, in answer to other interrogatories, was permitted to testify to substantially the same effect as that of the excluded answer.

We conclude that the evidence supports the verdict and judgment in appellee's favor, and that the judgment should be affirmed.

*Affirmed.*