TEXAS & P. RY. CO. et al. v. GOOD.

(Court of Civil Appeals of Texas. El Paso. Nov. 7, 1912. On Rehearing, Dec. 11, 1912.)

1. REMOVAL OF CAUSES (§ 75*)—AMOUNT IN DISPUTE.

Though one of the defendants in an action against connecting carriers for injury to a shipment of cattle is a federal corporation, there may not be a removal to the federal court, no joint liability being alleged, but the acts of negligence of each defendant being separately alleged, and the damage claimed of such corporation being less than $2,000, and nothing in the petition showing the damage occurring on its line exceeded such amount, and that a less amount was claimed to defeat the jurisdiction of the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 132; Dec. Dig. § 75.*]

2. CARRIERS (§ 228*)—INJURY TO SHIPMENT—NEGLIGENCE—EVIDENCE.

Negligence in transportation of a shipment of cattle injured in transit cannot be shown by evidence of another shipment about the same time having made the trip safely; it not being shown the two shipments were made under the same conditions.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

3. EVIDENCE (§ 527*)—OPINIONS.

Men of experience in the cattle business, qualified to know the effect of dipping cattle in arsenic solution, may give their opinion as to the effect of such dipping of cattle after being given certain feed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2334, 2335; Dec. Dig. § 527.*]

4. WITNESSES (§ 311*)—IMPEACHMENT.

Testimony that persons whose depositions had been admitted were negroes was an attempt at impeachment in an improper way.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1072–1075; Dec. Dig. § 311.*]

5. TRIAL (§ 260*) — INSTRUCTIONS — REPETITION.

Requested charges covered by the charges given may be refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction on the weight of evidence is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

7. TRIAL (§ 296*)—ERRONEOUS INSTRUCTIONS —CURE BY OTHER INSTRUCTION.

The giving of a confusing and misleading charge is harmless; numerous special charges clearly and directly instructing in the matter being given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

8. TRIAL (§ 234*)—INSTRUCTIONS—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

Instructions that defendants have the burden of proving their respective pleas of contributory negligence by a preponderance of evidence are proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. § 234.*]

On Rehearing.

9. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in admitting evidence is harmless; other evidence to substantially the same effect having been admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

10. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Refusal to allow a witness to answer a question was harmless; he having elsewhere been permitted to testify to substantially the same facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4206; Dec. Dig. § 1058.*]

Appeal from District Court, Midland County; S. J. Isaacs, Judge.

Action by E. C. Good against the Texas & Pacific Railway Company and others. Judgment for plaintiff against two of defendants, and they appeal. Reversed and remanded.

Douthit & Smith, of Sweetwater, W. L. Hall, of Dallas, John B. Howard, of Midland, R. S. Shapard, of Dallas, and Baker, Botts, Parker & Garwood, of Houston, for appellants. A. S. Hawkins, of Phœnix, Ariz., and W. E. Allen, of Midland, for appellee.

HIGGINS, J. This suit was brought by the appellee against the Texas & Pacific

Railway Company and the Houston & Texas Central Railroad Company, and also against the Houston East & West Texas Railway Company, to recover damages to 848 head of cattle shipped from Humble, Tex., to Houston, over the line of the Houston East & West Texas Railway, thence to Ft. Worth over the Houston & Texas Central Railroad, and thence over the Texas & Pacific Railway to Sweetwater, Tex., where they were unloaded and held for several days for the purpose of being dipped, in accordance with the quarantine regulations of the state and federal governments, then reloaded and shipped over the Texas & Pacific Railway to Monahans, Tex. It was alleged that, by reason of delays in transportation and rough handling, 67 head died between Ft. Worth and Monahans, 59 head after arrival at Monahans, and the rest upon arrival were badly crippled and in bad condition, and that the Texas & Pacific Railway Company had damaged the cattle in the sum of $1,990, and the Houston & Texas Central Railroad Company and the Houston East & West Texas Railway Company in the sum of $5,945. Upon trial verdict and judgment were rendered in favor of appellee against the Texas & Pacific Railway Company in the sum of $1,600, and against the Houston & Texas Central Railroad Company in the sum of $2,000, and in favor of the Houston East & West Texas Railway Company.

[1] The defendant Texas & Pacific Railway Company being a federal corporation, the defendants filed petition and bond praying for the removal of the cause to the Circuit Court of the United States for the Northern District of Texas, which petition was by the court refused, and to such action error is here assigned. The correctness of the court's action in this matter must be tested by a consideration of the effect of the allegations in the plaintiff's petition. It is well settled that "the matter in dispute," which in cases of this kind is the controlling factor in determining the right to a removal to the federal court, is the amount of damages claimed in plaintiff's petition. The aggregate amount of damages alleged in this case is far in excess of this sum, but there is no joint liability alleged on part of the Texas & Pacific Railway Company with its codefendants, nor is there any prayer for joint recovery against such defendant with the others. The acts of negligence on the part of each company were distinctly and separately alleged, and the damage alleged to have been inflicted by the first two carriers was alleged and claimed jointly, and the damage inflicted by the Texas & Pacific Railway is separately alleged and claimed. After having alleged the manner in which the injuries were sustained, the petition concludes as follows: "Wherefore, by reason of the premises, plaintiff says he has been damaged as follows: By the defendant Texas & Pacific Railway Com-

pany in the sum of $1,990, and he waives all other and further damages against said Texas & Pacific Railway Company, and by the defendants the Houston East & West Texas Railway Company and the Houston & Texas Central Railroad Company in the sum of $5,945. Wherefore, plaintiff prays for citation to each of the defendants, and that on trial hereof he have judgment against the defendant the Texas & Pacific Railway Company for the sum of $1,990 and against the Houston East & West Texas Railway Company and the Houston & Texas Central Railroad Company for the sum of $5,945 and 6 per cent. interest from September 25, 1910, and costs of suit and relief general and special, in no event the recovery against the Texas & Pacific Railway Company to be more than $1,990." It is clearly apparent that the amount claimed against the Texas & Pacific Railway Company does not exceed $2,000, and no judgment could have been rendered against it for more than that sum; and the court therefore did not err in overruling the petition for removal. Railway Co. v. Cushny, 64 S. W. 795; Railway Co. v. Dishman, 38 Tex. Civ. App. 277, 85 S. W. 319.

In the petition of appellant for removal it was alleged "that the plaintiff for the sole purpose of defeating the jurisdiction of the Circuit Court of the United States for the Northern District of Texas over this cause, and in fraud of the jurisdiction of said court, attempts to waive all damages against the Texas & Pacific Railway Company over the sum of $1,990 as appears from plaintiff's petition which is referred to for a more particular statement of the cause of action," and it is here contended that the real amount in controversy against the Texas & Pacific Railway exceeds the sum of $2,000, and that the effect of the allegations of the plaintiff's petition is an attempt to waive a portion of the damage inflicted by the Texas & Pacific so as to fraudulently defeat the jurisdiction of the Circuit Court of the United States. But we do not so construe the petition. It is true that practically all of the cattle which died did so after reaching the line of the Texas & Pacific Railway Company, and, if this were the determining question as to where liability rested, it might be that this contention would be well taken. But it does not necessarily follow that, because they died after reaching the Texas & Pacific, all of their injuries were there sustained, and it is the contention of appellee that the manner in which they were handled by the first two carriers contributed to their death upon the line of the Texas & Pacific; and there is nothing in the petition upon its face to show that the damage occurring upon the line of the Texas & Pacific exceeded the sum of $2,000.

By its second assignment appellant complains of the refusal of the court to strike out the testimony of the plaintiff Good rela-

tive to the market value of the cattle in controversy at Monahans, because it developed upon cross-examination that his knowledge was not such as to authorize him to testify to such market value. Justice McKENZIE is of the opinion this position is well taken, and that the assignment should be sustained. The writer also has grave doubts as to the competency of Good to testify to market values, but is not prepared to hold that he was not so qualified.

[2] At about the same time appellee shipped the cattle in controversy in this suit, it appears he also shipped from Navasota, Tex., on the line of the Houston & Texas Central Railway Company to Ft. Worth, and thence to Sweetwater and Monahans over the Texas & Pacific Railway, another herd of cattle of the same kind and grade as those involved here. Navasota in about 80 miles north of Humble, Tex., and upon trial plaintiff Good was asked in what condition the Navasota cattle reached Sweetwater as compared with the condition of the Humble cattle, and he testified they arrived at Sweetwater in fairly good condition and in good shape. To this question and the answer of the witness defendants objected for immateriality and irrelevancy, and because it was an isolated instance of comparison and not admissible, in absence of a showing that the Navasota shipment moved under identically the same conditions. The bill of exception discloses that appellee's counsel at the time stated that he offered the testimony for the purpose of comparison to show the relative condition of the cattle when they reached Sweetwater, and that he would follow it up by showing the relative condition when they reached Monahans. Counsel in their brief concede that negligence in transportation ordinarily cannot be established by comparison, and the fact that one shipment of cattle made the trip safely while another shipment arrived in an injured condition would not be a circumstance showing negligence. They seek to avoid this principle, however, by the contention that the testimony was admissible for the purpose of showing that the condition in which the cattle arrived at Monahans was due to the manner in which they were handled, rather than to the dipping process which they underwent at Sweetwater; the contention of the appellants being that this dipping process and the fact that they were held in Sweetwater without sufficient food was responsible for their condition, rather than any improper handling in transportation. The testimony, we think, was inadmissible, and is not cured by any special instruction in regard to the Navasota shipment, as contended by appellee. It is not contended that the Navasota and Humble shipments were shown to have been under the same conditions so as to render a comparison of the condition of the respective shipments upon arrival admissible, and we cannot see how a showing that the Navasota shipment arrived in good condition at Sweetwater would have any bearing upon the question or throw any light on the question of whether it was the dipping process or methods of handling which injured the Humble shipment. It was shown that the Navasota shipment was likewise dipped at the same time and went to Monahans, and they did not die in the manner in which the other shipment died, but the authorities hold that negligence in transportation cannot be shown in this way. Railway Co. v. Galloway, 140 S. W. 369; Railway Co. v. Wilson, 50 S. W. 156; Railway Co. v. Smith, 84 Tex. 348, 19 S. W. 509; Railway Co. v. Boykin, 99 Tex. 259, 89 S. W. 639; Railway Co. v. Harlan, 62 S. W. 971.

The fourth, fifth and sixth assignments, which complain of the exclusion of certain testimony, we think are without merit, and are overruled without comment.

[3] The seventh and eight assignments are sustained. Defendants offered to prove by the witnesses T. L. Hughes and Ben Van Tuyl that in their opinion it would have had a bad effect upon cattle, and was calculated to produce death, to hold the same on pasturage without feed for seven or eight days, and then dipping the same in arsenic dip after a feed on maize and Kaffir corn; the objection urged being that it was not a matter calling for expert opinion, and that the witnesses were not qualified. We think that it was a matter peculiarly calling for the testimony of men experienced in the cattle business and who knew the effect upon cattle of dipping in arsenic solution, and both of the witnesses were shown to have been qualified to know what such effect would be.

The testimony of the witness Bryant, the exclusion of which is made the basis of the ninth assignment, was properly rejected, because he was not shown to have been qualified to testify to the matter inquired about.

[4] It appears that upon the trial of the cause appellants offered in evidence the depositions of Mose Gamble and Jack Jones, who testified that they helped to gather these cattle at Humble, and as to the condition of the cattle at that point at the time of shipment, to the effect that the cattle had stampeded just before shipping, and that same were thin and in a bad condition and tired from their drive and stampede; thereupon, in rebuttal, plaintiff Good was placed upon the stand by his counsel, and asked who were the witnesses Gamble and Jones, to which he replied they were negroes. The testimony was admitted over the objection of defendants that same was immaterial, irrelevant, prejudicial, and an attempt to impeach the credibility of the witnesses in a manner not permitted by law. We think this testimony also was inadmissible. We do not deem it such an error as would require the reversal of the cause, but, in view of a retrial of the cause, we deem it proper to say that the testimony

should be excluded; the objections urged being well taken.

[5] The eleventh assignment, complaining of the charge of the court upon proximate cause, is overruled, as well as the twelfth assignment, which complains of refusal of the court to give a special charge upon proximate cause. This special charge was fully covered by the general and special charges given by the court at the request of the appellants, and the refusal of this one was not error.

The objection urged to the sixth paragraph of the court's charge was not well taken, and the thirteenth assignment is overruled.

[6] Special charge No. 12 requested by defendants was upon the weight of the evidence, and was properly refused. Special charge No. 24 was covered by the main charge, and was properly refused. The same is true of the special charge No. 5.

[7] The tenth paragraph of the court's charge reads as follows: "If you find from the evidence that said cattle or any of them were injured by the negligence of the defendants, and if you further find that said cattle, or any of them, were injured by reason of their inherent weakness or by plaintiff's failure to provide sufficient food or pasturage for same at Sweetwater, Tex., or by said cattle being dipped by plaintiff and having loaded said cattle too soon after said dipping process, then you will find for the plaintiff against the defendants guilty of such negligence for whatever damage plaintiff sustained as the proximate cause of the negligence, if any, of said defendant or defendants." We think this paragraph of the charge confusing and misleading, but do not regard the same reversible error, in view of the numerous special charges given at the request of the defendants directly instructing the jury not to allow plaintiff any damage by reason of the inherent weakness of the cattle or by plaintiff's failure to provide sufficient food and pasturage at Sweetwater, or by them being dipped or driven and loaded too soon after the dipping process.

[8] The court did not err in instructing the jury that the burden of proof was upon the defendants to prove their respective pleas of contributory negligence by a preponderance of the evidence, and the eighteenth assignment is therefore overruled.

Special charge No. 13 was properly refused, because the issues here presented were fully covered by the main charge of the court and other special charges given at the request of the defendants. Same is true of special charges No. 14 and No. 17.

There was no error upon the part of the court is giving special charge No. 2 requested by plaintiff, and complained of in twenty-second assignment.

Those assignments which complain of the insufficiency of the testimony to support the verdict and judgment are all overruled.

This cause was submitted prior to the retirement of Chief Justice PETICOLAS from the bench. The decision, however, was handed down after his retirement, and after Chief Justice HARPER had taken his place, but Judge HARPER did not participate in the decision, and the decision rendered is by the majority of the court only, composed of Justices McKENZIE and HIGGINS.

Reversed and remanded as to the Texas & Pacific Railway Company and the Houston & Texas Central Railroad Company. As to the Houston East & West Texas Railway Company, the judgment is affirmed.

HARPER, C. J., not sitting.

### On Rehearing.

HIGGINS, J. [9] In his motion for rehearing appellee has pointed out testimony of the witness Good with reference to the condition of the Navasota cattle upon their arrival at Sweetwater, which was admitted without objection upon the part of the appellants, and, in substance, is the same as that complained of in their third assignment of error. In the original opinion it was held error to admit testimony showing the relative condition of the Navasota cattle when they reached Sweetwater as compared with the condition of the Humble cattle, but, inasmuch as other testimony to substantially the same effect appears to have been admitted without objection, the error was therefore harmless, and the assignment should have been overruled. Railway Co. v. Harlan, 62 S. W. 971; Railway Co. v. Kennedy, 51 Tex. Civ. App. 466, 112 S. W. 339. Appellee in his brief filed in the cause did not call our attention to this additional testimony, and it was therefore not discovered by us. As to the testimony of the witness Van Tuyl, our attention is also called to the fact that he was permitted elsewhere to testify to substantially the same facts which he would have testified to had he been permitted to answer the question referred to in the bill of exception upon which the eighth assignment is predicated, and this assignment should also have been overruled. Williamson v. Railway Co., 122 S. W. 897; Lodge v. Rampy, 45 S. W. 422. This matter was called to our attention by appellee in his brief, and should have been noted by us.

[10] As to the testimony of the witness Hughes, the exclusion of which was made the basis of the seventh assignment, it is also contended that he was thereafter permitted to testify to the same effect substantially as he would have testified in answer to the question referred to in the bill of exception. However, we do not concur in their contention that he elsewhere testified to substantially the same facts that he would have

testified to had he been permitted to answer the question shown by the bill, and we therefore adhere to the view that the seventh assignment was properly sustained, and therefore overrule the motion for rehearing.