GULF, C. & S. F. RY. CO. et al. v. KING.
(No. 5442.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1915.)

1. APPEAL AND ERROR ⟨⟩722—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL—CONFORMITY.

Under Rev. St. art. 1612, providing that, when a motion for a new trial has been filed, the assignments therein shall constitute the assignments of error, and need not be repeated in the assignments on appeal, an assignment of error in that plaintiff's shipment was an intrastate shipment within article 1830, subd. 25, requiring the apportionment of damages between the several carriers, and claiming that there was no allegation in the petition apportioning the damages, was not a substantial copy of the assignment in the motion for a new trial, "because the court erred in overruling defendants' special exception denoted second in each of their answers," and would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. ⟨⟩722.]

2. APPEAL AND ERROR ⟨⟩499—EXCEPTIONS—PRESENTATION AND RULING.

Where the record does not show that an exception was ever presented to the trial court and overruled, or, if overruled, that appellant excepted thereto, and where the trial court's judgment does not show that it was presented, it will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ⟨⟩499.]

3. CARRIERS ⟨⟩227—ACTION FOR INJURY TO LIVE STOCK—PLEADING—MEASURE OF DAMAGES.

The petition in an action for injury to a shipment of live stock, alleging generally that it was damaged to the extent of $600, without allegation as to its market value at the point of destination, was sufficient; since, when there is evidence to take the case to the jury, it is for the court to instruct on the measure of damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. ⟨⟩227.]

4. CARRIERS ⟨⟩229—ACTION FOR INJURY TO LIVE STOCK—EVIDENCE—MARKET VALUE.

In such action, evidence as to the market value of the stock at destination in the condition in which they arrived and what it would have been had they been delivered in proper time and condition was admissible; and the fact that they were sold at auction was immaterial, especially where it did not appear that the sale was below the market price.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. ⟨⟩229.]

5. CARRIERS ⟨⟩228—ACTION FOR INJURY TO LIVE STOCK—PRESUMPTIONS—NEGLIGENCE.

Where a shipment of horses was delivered in good condition to the initial carrier, and by it delivered in such condition to its connecting carrier, and on arrival at destination they were thin, weak, and in bad condition, and one was dead, there was a presumption of negligence on the part of the connecting carrier, conclusive in the absence of explanation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ⟨⟩228.]

Appeal from Jim Wells County Court; L. Broeter, Judge.

Action by J. W. King against the Gulf, Colorado & Santa Fé Railway Company and others. Judgment for plaintiff, and certain defendants appeal. Affirmed.

Greer & Hamilton, of Laredo, for appellants. Dougherty & Dougherty and H. S. Bonham, all of Beeville, for appellee.

CARL, J. Appellee sued the Texas Mexican Railway Company, the International & Great Northern Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Gulf, Colorado & Santa Fé Railway Company, to recover $500 damages on account of the alleged negligent handling of a shipment of horses from Hebbronville to Meridian. The usual allegations are made with reference to delay, rough handling, jostling, jolting, and injuring the stock; that the horses were fat and in good condition when accepted for shipment, and were thin, weak, skinned, and bruised, and one dead, on arrival at destination, and another died after arrival. The jury returned a verdict for $15 against the International & Great Northern Railway Company; $35 against the Missouri, Kansas & Texas Railway Company of Texas; and $450 against the Gulf, Colorado & Santa Fé Railway Company. The Texas Mexican Railway Company and the International & Great Northern Railway Company did not file a motion for new trial, and did not appeal. The other railways filed a joint motion for a new trial, and, when it was overruled, perfected this appeal.

[1] The first assignment will not be considered, because it is not a substantial copy of the assignment as set forth in the motion for new trial. Rev. Stats. art. 1612; Cain v. Delaney, 157 S. W. 751; Edwards v. Youngblood, 160 S. W. 288. The assignment in the brief of appellant makes complaint that, because this was an intrastate shipment, it comes within the provisions of article 1830 of the Revised Statutes, subd. 25, requiring the apportionment of damages between the several roads, and claims that there is no allegation in the petition so apportioning the damages. When we turn to the paragraph of the motion for a new trial it reads:

"Because the court erred in overruling defendants' special exception denoted second in each of their answers."

[2] The record does not show that the exception here urged as the basis of this assignment of error was ever presented to the trial court and overruled by him; and, if it had been presented and overruled, it is not shown that appellants excepted to the action of the court in so overruling same. Jackson v. Nona Mills Co., 128 S. W. 928; Quanah, A. & P. Ry. Co. v. Galloway, 165 S. W. 546; Smyer v. Ft. Worth & D. C. Ry. Co., 154 S. W. 336. Furthermore, the judgment of the trial court does not contain any reference to the special exceptions, or show that same were ever presented. See Hales v. Peters, 162 S. W. 386; Sowers v. Yeoman, 129 S. W. 1153; Reasonover v. Riley Bros., 150 S. W. 220.

The second assignment of error complains that:

"The court erred in admitting over defendant's objection the testimony of S. T. King, and afterwards in considering the same, to the effect that the market value of the horses at Meridian, had they been delivered uninjured, would have been $65 to $70 per head, and in their injured condition was $50 per head, because the plaintiff has no allegation justifying said proof."

[3] Plaintiff's petition does not contain any allegations as to the market value of the stock involved at the point of destination, and the defendants objected to all testimony as to what the market value was at destination on the ground that there was no allegation to support it. These objections the court overruled. Having alleged generally that the stock were damaged to the extent of $600, plaintiff below proved what the market value would have been if handled with proper care and delivered in due time and what they were worth in the condition in which they did arrive.

What is the proper measure of damages is a rule of law, to be applied by the court, as applicable to the facts given in evidence. This court held in Railway v. Jenkins, 89 S. W. 1107, that it was not essential to the statement of a good cause of action that the petition should set out a proper legal measure of damages; that a statement of the facts essential to a cause of action was all that good pleading requires, and, when there is evidence sufficient to take the case to the jury, it is for the court to inform the jury of the measure of damages.

In the case of M., K. & T. Ry. Co. v. Mulkey & Allen et al., 159 S. W. 111, it is said:

"It is true the pleading nowhere alleges that the damage claimed is the difference between the market value of the cattle in the condition which they would have arrived, but for the negligence of appellant, and their market value the condition in which, by reason of such negligence, they did arrive. But this, in our opinion, is immaterial. The measure of damages, being a rule of law governing the admission of testimony, has no necessary place in the petition. To the rule the evidence must conform, and by it the jury be guided under instructions from the court; but, in stating a good cause of action, it is only necessary to relate facts which, under the rule, would entitle case to go to the jury. Railway Co. v.

174 S.W.—61

Jenkins, 89 S. W. 1106; Railway Co. v. Smith [19 Tex. Civ. App. 114] 47 S. W. 278."

Judge Fly said, in Railway Co. v. Sparks, 162 S. W. 943:

"If there was no valid contract, the law fixed the measure of damages in this case, and, if the written contract is valid and binding, it fixes the measure of damages. Appellee was not compelled to allege or prove a measure of damages."

[4] The court did not err in permitting the witness King to testify as to the market value of horses at Meridian. The fact that the horses were sold at auction is immaterial, especially since no attempt is made to show that the stock sold below the market price or that the price received was not the market price at the time of the sale. The measure of damages would be the same no matter what disposition was made of the stock; and there was no error in permitting the witness to testify as to the market value of the horses in the condition they arrived and what it would have been if they had been delivered in the time and manner they should have been.

The second and third assignments are overruled.

[5] The undisputed evidence shows that the horses were in good condition when delivered to the initial carrier at Hebbronville, and that they were in very bad condition when they arrived at Meridian. Some were skinned and bruised, thin, and weak, one was dead, and another died shortly after arrival. A caretaker accompanied the shipment as far as Taylor, and on arrival there one was down, but was gotten up, and Manning, the station agent at Meridian, says the stock were very thin on arrival, and poor, with the exception of about 5 which were in good condition. There were 22 head of mares and 13 colts. Whatever damage that occurred must have happened after arrival at Taylor, where the Missouri, Kansas & Texas Railway Company of Texas took charge, and from that point there was no caretaker along.

"The delivery of the stock in a sound or uninjured condition to the initial carrier being shown, and it further appearing that the stock were delivered to the consignee at destination in an injured condition, established a prima facie case of negligence against appellants, and the burden * * * rested upon them to show that such injured condition of the stock resulted from the inherent nature or propensity or 'proper vice' of the animals, and without" fault or negligence "on their part. * * * Appellants have cited several cases * * * as announcing the contrary rule above referred to and contended for by them. We have examined those cases; and, if they are not distinguishable in the facts from this case, then we think they are at variance with the decisions of the Supreme Court of this state and the weight of authority elsewhere." St. L. & S. F. Ry. Co. v. Franklin, 123 S. W. 1150.

And in Pecos & N. T. Ry. Co. et al. v. Brooks, 145 S. W. 649, this rule is applied where a caretaker accompanies the shipment. In the case at bar, however, there was no

caretaker after Taylor was reached. Evidently the injuries occurred somewhere between Taylor and Meridian; in other words, on the Missouri, Kansas & Texas Railway Company of Texas or Gulf, Colorado & Santa Fé Railway Company line.

In T. & N. O. Ry. Co. v. Drahn, 157 S. W. 282, the court says:

"The pleading and evidence show a contract for through shipment, a delivery of the cattle in an uninjured condition, and a redelivery at final destination with many of the animals dead and the others severely injured. No one accompanied the cattle for the shipper. Under these circumstances there arises a presumption of negligence on the part of the carrier which, in the absence of any explanation whatever, becomes conclusive. F. W. & D. C. Ry. Co. v. Shanley [36 Tex. Civ. App. 291] 81 S. W. 1014, and authorities there cited. So that, if in every shipping case where live stock are involved negligence must be shown, the rule is met in this case."

See, also, P. & N. T. Ry. Co. v. Meyer, 155 S. W. 309; G., H. & S. A. Ry. Co. v. Powers et al., 54 Tex. Civ. App. 168, 117 S. W. 459.

All assignments are overruled, and the judgment of the trial court is in all things affirmed.