### CHAUNCEY et al. v. KANSAS CITY, M. & O. RY. CO.
### No. 3471.

Court of Civil Appeals of Texas. Amarillo.
Oct. 29, 1930.

Berry, Warlick & Gossett, of Vernon, for appellants.

Collins, Jackson & Snodgrass, of San Angelo, L. W. Allred, of Chillicothe, and Terry Cavin & Mills, of Galveston, for appellee.

JACKSON, J.

The appellants, Chauncey and Levi Gambill, shipped 424 cows and 48 calves from Pyote, Tex., to Odell, Tex., over the lines of the Texas & Pacific Railway Company, and of the appellee company. They allege that the cattle were accepted by the appellee as connecting carrier of the Texas & Pacific Railway Company, at Sweetwater, Tex., and were transported to Odell by the appellee, and that when said cattle reached destination 1 of the cows was dead and 4 others were down in the cars and in such bruised condition that they died within a day or two thereafter. That 20 more of the cattle were bruised, skinned, and damaged to such an extent that they did not recover for about sixty days, and that the appellants, plaintiffs below, gave them extra care and attention and spent considerable money in treating them. No specific acts of negligence are alleged.

The railway company answered, alleging that the cattle were in a weakened condition at the time of the shipment and were not able to stand the ordinary incidents of transportation necessarily arising from a shipment from Pyote to destination without suffering some damage and injury and without suffering the injuries complained of in plaintiffs' petition. They further alleged that plaintiffs had assumed the duty of loading the cattle, and that the cars were overloaded, and because the cattle were crowded in the cars and because of their weakened condition, the damage, if any, was caused thereby. It is alleged that the plaintiffs and their agents accompanied the shipment as caretakers, and that they did assume the duty of looking after and caring for the cattle en route and wholly failed and refused to perform such duty, and that the damages, if any, resulted from the negligence of the plaintiffs and their agents.

The railway company further alleged that the shipment was made under a bill of lading and set out in full certain stipulations binding the shippers, at their own risk and expense, to furnish feed and water and care for the stock while on the cars and in the pens, to load, unload, and reload, and providing that in case the carrier should, for any reason, find it necessary to furnish feed and water, it should not be liable for insufficient, unwholesome, or unsuitable supplies or the imperfect discharge of such undertaking. The second stipulation is to the effect that when the carrier should furnish laborers to assist in loading or unloading, such laborers should be deemed employees of the plaintiffs while so engaged.

The plaintiffs excepted to that part of the answer setting up the above stipulations contained in the bill of lading. The court overruled the exception, and the action of the court is made the ground of the first proposition.

■ In the proposition it is asserted that the exception is special, but since the exception does not question the manner or form of the pleading, but challenges its sufficiency as a defense, we must construe it to be a general exception to so much of the defendant's answer.

■ The case is before us upon two propositions. The first proposition, as stated, challenges the refusal of the court to sustain the plaintiffs' exception to that portion of the answer set out above. The second proposition attacks the verdict of the jury. Neither of these propositions can be considered for the reason that the plaintiffs have failed to bring the assignments of error forward in their brief.

■ "While the requirement that assignments of error be copied into the brief is liberally construed, it is, nevertheless, mandatory, except as to fundamental error. * * * The purpose of the requirement is to present to the Appellate Court only the assignments upon which appellant relies for a reversal and to relieve it of the necessity for searching through the statement of facts for errors where no assignments are included in the brief and no fundamental error appears in the record. * * * An assignment not carried forward into the brief is regarded as abandoned or waived and will not be considered by the Appellate Court unless fundamental error is shown. Where the brief contains no assignment of error, it will not be considered and the assignments filed below are not properly before the Court, consequently the assignments are not entitled to consideration and the Appellate Court will confine itself to a review of fundamental error, if any, apparent on the face of the record. In the absence of fundamental error, the judgment or order appealed from will be affirmed." 3 Tex. Jur. 835, § 588.

■ We think the court should have sustained the general demurrer to that part of the answer which sets up the stipulations in the bill of lading as a defense, because the allegations with reference thereto are insufficient as a matter of law. 8 Tex. Jur. §§ 327, 355.

■ As a general rule, the action of the court in overruling a general demurrer presents fundamental error (3 Tex. Jur. 1254, § 878), but in response to the seventh issue submitted by the court, the jury found that the cars were not overloaded or rather that the cattle were not crowded into the cars. The appellants have filed no statement of facts in this court, and in the absence of one we must presume that the evidence sustains the finding. It will be seen that the finding is in appellants' favor. If the jury had found that the cars were overloaded, then the action of the court in permitting that term of the contract to remain in the pleading as a defense would have constituted reversible error, but errors of the court in rulings relative to the pleadings on issues found in favor of the complaining party are harmless. G., C. & S. F. Ry. Co. v. Dunman (Tex. Civ. App.) 15 S.W. (2d) 1053.

We must therefore conclude that the action of the court in overruling the general demurrer to the portion of the answer stated is harmless error.

The case was submitted to the jury upon twenty issues and answers returned to only five. In response to the issues, the jury found: (1) That the cattle were injured in transit; (2) that the railway company was not negligent in the manner in which it operated its train; (5) that the cattle were not too weak to stand the trip if they had been handled with reasonable care; (7) that the cattle were not overcrowded when loaded into the cars; (10) that plaintiffs were not guilty of any negligence.

The only remaining matter in the record which is generally considered fundamental error is the verdict, which appellants insist is so uncertain and contradictory that no judgment can be based upon it.

■■ The jury found, in response to the second issue, that the company was not negligent in the manner in which it operated the train, and in response to the seventh issue, that the cattle were not overcrowded. As hereinbefore stated, no specific acts of negligence were charged, nor do the plaintiffs allege a breach of any particular duty which resulted in the injury complained of. The company alleged that the cattle were too weak to stand the trip. The jury found against the company's contentions, both as to the weakened condition of the cattle and the overloading by plaintiffs. They also found that the plaintiffs were not negligent. From the finding that the cattle were injured in

transit, we could presume that they were injured by reason of the negligence of the defendant in some way not submitted to the jury but for the fact that the defendant alleges that plaintiffs' caretakers accompanied the shipment and assumed the duty of caring for the cattle. In the absence of a statement of facts, we must presume that there was a caretaker. 8 Tex. Jur. 553, § 386. Where a caretaker accompanies the shipment, no presumption obtains that the loss or injury was due to the negligence of the carrier. 8 Tex. Jur. 554, 555.

"Where stock were shipped under a contract requiring the shipper or his agent to accompany them for the purpose of caring for them, the burden rested on the shipper to show how the loss or injury occurred; that he was free from negligence, and that the carrier was at fault." 8 Tex. Jur. 558, § 390.

■ While the jury found that the plaintiffs were free from negligence, we must presume that the shipment was accompanied by the plaintiffs' caretakers; and under such conditions, the burden rests upon plaintiffs to show negligence. If no caretaker had accompanied the shipment, there would be room for presumption; but it cannot be indulged when there was a caretaker.

■ It is true that contradictory and uncertain verdicts present fundamental error, Barnes Bros. v. I. & G. N. Ry. (Tex. Com. App.) 1 S.W.(2d) 273; Garlitz v. I.-G. N. Ry. Co. (Tex. Civ. App.) 11 S.W.(2d) 591; Boultinghouse v. Thompson (Tex. Civ. App.) 291 S. W. 573; but there is no such uncertainty or conflict found in the verdict in this case as would justify a reversal.

■ While the finding is that the cattle were injured in transit, there is no finding of any negligence on the part of the company which was the proximate cause of such injury. The jury was asked how many cattle, if any, died as a proximate result of the injuries sustained in the shipment. This question was not answered. The jury was also instructed to find the reasonable value of any cattle which died as a proximate result of any injuries and to find the amount of damages sustained by the remainder of the shipment as a proximate result of their injuries. None of these questions were answered. The reasonable inference from the failure to answer these questions is that they did not believe that the injuries received in transit were chargeable to the negligence of the defendant, but to some other cause for which neither the railway company nor the plaintiffs were responsible. Plaintiffs failed to request an issue inquiring as to the cause of the injuries and thereby waived the right to object to the verdict as not being specific upon that point.

While the verdict is not as full and complete as it should have been, and the practice

372

of receiving such verdicts is not to be commended, there is no conflict in any of the findings, and we think it is sufficient to support the judgment.

While we are under the impression that plaintiffs have suffered substantial injury and may probably be entitled to some compensation, the record is not in a condition to require a reversal of the judgment.

The judgment is therefore affirmed.