### G., C. & S. F. RY. CO. v. TAYLOR.

#### No. 8384.

Court of Civil Appeals of Texas. Austin.

Feb. 3, 1937.

Dibrell & Snodgrass, of Coleman, and Terry, Cavin & Mills and Rupert R. Harkrider, all of Galveston, for appellant.

W. Marcus Weatherred, of Coleman, for appellee.

BAUGH, Justice.

Appellee sued appellant for damages to a shipment of ten cars of cattle on September 5, 1932, from Stanton, Tex., over the T. & P. Railway Company's line to Sweetwater, thence over appellant's line to Talpa, Tex., a distance of approximately 200 miles. The cattle were handled by three different train crews and local switching was done on the train between Sweetwater and Coleman and at Coleman. They were in transit about 12 hours. The case was tried to a jury on special issues, appellant was found guilty of negligence, and damages assessed at $120 for 4 cows killed, $60 for 5 calves killed, $1 per head for injuries to 423 head; and judgment rendered accordingly, from which the Railway Company appeals.

Two contentions are made by appellant: (1) That the burden was upon appellee, who accompanied the shipment, to allege and prove specific acts of negligence of appellant, and that, there being no evidence to show specific acts of negligence, the court erred in not granting appellant a new trial; (2) that the court erred in not sustaining appellant's special exception to appellee's pleading to the effect that no specific acts of negligence as to time, place, or character were alleged, which would inform appellant of the character of proof required to rebut the general allegations of negligence.

The cattle were shipped under a "Uniform Live Stock Contract." As a part thereof, or subjoined thereto, was a caption or provision "Separate Contract with Man or Men in Charge of Live Stock." The notation with reference to this in the statement of facts is "(Not executed and therefore omitted)."

Appellee's petition discloses that he sought recovery of damages predicated upon the common liability of the common carrier, alleging that he delivered his cattle to the initial carrier at point of origin in good condition, and that they were delivered by the carrier at destination with 9 head dead and the others injured. The proof as to this is not controverted. Only general allegations of negligence were made in this regard. While other grounds causing damage were alleged, these were abandoned upon the trial and are not pertinent here. In addition to general and special exceptions, including the one above indicated, appellant defended on the grounds of overloading of the cars by appellee, inherent vices of the animals, and excessive rains en route, as causing the damages. These were found against it by the jury and no complaint made as to that. Nowhere in its answer did appellant plead that the cattle were in charge of a caretaker, nor seek to place the burden upon

appellee to show specific acts of negligence for that reason. Nor did its contract undertake to do so. In addition to pleading negligence generally, appellee also alleged that he was unable to state specifically the acts of negligence alleged, but that same were well known to appellant, its servants and agents.

■ The general rules are now well settled that, where a caretaker does not accompany a shipment of cattle, delivery to the carrier in good condition and redelivery by the carrier to the shipper at destination in an injured condition raises a presumption of negligence by the carrier which it must disprove. Pecos & N. T. Ry. Co. v. Brooks. (Tex.Civ.App.) 145 S. W. 649; Gulf, C. & S. F. Ry. Co. v. King (Tex.Civ.App.) 174 S.W. 960; Galveston, H. & S. A. Ry. Co. v. Neville (Tex.Civ. App.) 272 S.W. 597; 8 Tex.Jur. p. 553, § 386.

On the other hand, numerous cases hold that, where a caretaker does accompany the shipment and undertakes to look after the livestock, the burden rests upon the shipper to plead and prove the negligence of the carrier resulting in the damages sustained. Gulf, C. & S. F. Ry. Co. v. Helms Bros. (Tex.Civ.App.) 210 S.W. 853; Atchison, T. & S. F. Ry. Co. v. Ohlhausen (Tex.Civ.App.) 272 S.W. 224; Houston, E. & W. T. Ry. Co. v. Southern Pine Lumber Co. (Tex.Civ.App.) 6 S.W. (2d) 418; Texas & N. O. Ry. Co. v. Conn (Tex.Civ.App.) 30 S.W.(2d) 939, 941; Chauncey v. Kansas City, M. & O. Ry. Co. (Tex.Civ.App.) 32 S.W.(2d) 369, 371; 8 Tex.Jur. p. 558, § 390. We have carefully examined these and numerous other cases in support of this rule. Some of them show a contract executed by the shipper whereby he obligated himself to look after the shipment; some show that such an obligation was pleaded by the carrier; while many others do not indicate whether such contract was executed or not.

Other cases hold that, even though the shipper accompanies his shipment, unless he enters into a contract which requires him to look after his livestock, when he has shown delivery to the carrier in good condition and redelivery to him at destination in an injured condition, negligent handling by the carrier is presumed and the burden rests upon it to show the contrary. In Pecos & N. T. Ry. Co. v. Brooks, supra, in which case the owner accompanied the shipment but did not by contract undertake to care for the cattle, the court expressly held that, where injury occurred en route, the burden was upon the Railway Company to show that the loss was not the result of its negligence. To the same effect in a similar instance, where no contract in that regard was shown, is the case of Texas & P. Ry. Co. v. Dishman & Tribble, 38 Tex.Civ.App. 277, 85 S. W. 319 (writ ref.). And the rule announced by 8 Tex.Jur. § 386, p. 553, is: "Where it is shown that live stock were delivered to the carrier in good condition, that the shipper or his agent did not accompany them under a contract to care for them during transit, and that they arrived at destination dead or in an injured condition, negligence is ordinarily presumed to the extent that the shipper is said to have made out a prima facie case. The burden of proof is then upon the carrier to overcome this presumption by proof that the death or injury resulted from independent causes or acts for which it was in no way responsible."

■ In the instant case not only was no such contract either pleaded or proven, but the record shows that no such contract was made. That being true, the rule announced in the Brooks and Dishman Cases would apply. The Railway Company, had it desired to limit its liability in this regard, and to place such burden on the shipper to look after his cattle en route, could readily have done so by the execution of the portion of its shipping contract relating to shipments with a caretaker in charge; but it omitted to do so, as shown by the statement of facts. Not having done so, it will be presumed that it accepted the shipment under its full common-law liability for its safe transportation.

Under such circumstances, neither of appellant's contentions is sustained, and the judgment of the trial court is affirmed.

Affirmed.