## AARON WORTHAM v. GEORGE S. THOMPSON.

### No. 6840.

**1. Estoppel—Knowledge of Facts.**—When the purchaser is not deceived by any act or misrepresentation of the owner, but knows the facts and the condition of the right of the owner as well as he does, there can be no estoppel. The purchaser acts at his peril. See facts.

**2. Same—Cases Adhered to.**—Burleson v. Burleson, 28 Texas, 383, and Love v. Barber, 17 Texas, 317, adhered to.

APPEAL from Lamar. Tried below before Hon. E. D. McClellan.

The statement accompanying opinion is given.

On the 22d day of November, 1881, W. G. Johnson sold to Aaron Wortham 35 acres of land in Lamar County, the deed reciting the consideration as $100 in cash paid and $250 by note of Wortham due in twelve months, no vendor's lien being reserved in the note or the deed. By the 8th day of November, 1883, all the note had been paid but $50. On that day Johnson and Wortham agreed verbally to exchange lands, the latter to surrender his 35 acres for 14 acres in another place. Johnson made a deed to Wortham to 10½ acres instead of 14, and Wortham with his family, consisting of his wife and children, moved onto the 10½-acre tract, but no deed was made by Wortham for the 35 acres to Johnson or any one else. The deeds of Johnson to Wortham were general warranty deeds. While these negotiations were pending Geo. S. Thompson, the appellee, was on a trade with Johnson for the 35 acres in case Wortham agreed to exchange lands. "Before I closed the trade with Johnson," says Thompson's testimony, "he and I went together

to Wortham's house, and they in my presence made the trade by which Johnson was to convey Wortham a 14-acre tract for the 35-acre tract. I was trading with Johnson for land upon which Wortham was then living; and after they had agreed on the terms of their trade Wortham told me I could go ahead with my trade with Johnson for the land in controversy, and acting upon this I closed said trade with Johnson and paid him the purchase money as recited in the deed." The deed to Thompson is dated November 7, 1883, and contains a general warranty.

Wortham thought he was getting a good title to the 10⅓-acre survey, but it seems Johnson only owned an undivided interest of one-half of it. Suit for partition was brought, and the whole of the 10⅓ acres was sold for partition and bought in by one Randall; $9 of the proceeds of the sale were paid to Wortham. March 25, 1885, Johnson wrote Wortham from Brownwood advising him to let Randall go on with his suit for partition, "not to spend any money on the thing," telling him that Randall could not beat him out of his number of acres; that he, Wortham, had paid for the other land, and that he, Johnson, would "spend money on it" (the suit).

After Randall bought in the 10⅓ acres Wortham rented the same from Randall for the year 1886. Finding that he had no title he moved back to the 35 acres, where he has since lived, claiming it as his homestead. After he bought the 35-acre tract he improved it, put a dwelling and out-houses on it, and fenced and cultivated it. It enhanced in value, and in its improved condition was worth $600, but was still not worth as much as the 10⅓ acres, at least it is so alleged by Wortham. The 35-acre tract was his homestead at the time he agreed to exchange land with Johnson; his wife was not consulted about the trade, but she voluntarily moved off it with the family to the 10⅓ acres, where they all lived until their return to the first homestead. Thompson was never in possession of the survey of 35 acres and made no improvement on it.

Wortham having returned to the land and claiming to own it, Thompson on the 7th of February, 1887, brought this suit against him to recover it, setting up such of the above facts as tended to show that Wortham was estopped from asserting title to the land as against plaintiff.

Defendant denied that he ever made any trade with Johnson in plaintiff's presence or stated to him that he did not own the land, alleged that he had paid Johnson for it, took up the note and destroyed it, and offered to take a good title to the 10⅓ acres in exchange for the land sued for; that Johnson made the deed to him, but that he had no title; that it was sold for partition and bought in by Randall, and he was compelled to rent it for the year 1886; that he had improved the 35-acre tract so that it had doubled in value. He demurred specially to the petition because it set up only a parol contract for the sale of land, filed a general denial and plea of not guilty.

The case was tried by the court, who rendered judgment for plaintiff, and defendant appealed. The court filed his conclusions of facts substantially as above set out, and of law, that "leaving out the homestead question" 'defendant was estopped from calling in question plaintiff's title; that "the facts would not have entitled plaintiff to the land as against the homestead rights of the defendant's wife had she not abandoned the same and acquired a new homestead, and when this was done plaintiff's title by estoppel became operative and could not thereafter be questioned by defendant or his wife."

The defendant appealed.

*F. W. Miner,* for appellant.

*C. N. Allen* and *Hodges & Nichols,* for appellee.

COLLARD, JUDGE, *Section A.*—Plaintiff below, Geo. S. Thompson, relies solely for title as against Wortham upon facts which he insists amount to estoppel. We do not think there is any estoppel in the case. Where the purchaser has the same knowledge of the facts as the real owner, and the latter does not induce him to believe in a state of facts other than those known, it is difficult to see how there can be any fraud, actual or constructive. To constitute an estoppel in pais the purchaser must be influenced by the conduct or representations of the owner, which if untrue would be a fraud upon him. Negligence or acquiescence may amount to estoppel in certain cases, but we are not considering such a case and need not explain it. Where the purchaser is not deceived by any act or misrepresentation of the owner, but knows the facts and the condition of the rights of the owner as well as he does, there can be no estoppel. The purchaser acts at his peril. Burleson v. Burleson, 28 Texas, 383. The general rule as applicable to this case has been tersely stated as follows: "That when one by his words or conduct willfully causes another to believe the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of thing as existing at the same time." Love v. Barber, 17 Texas, 317.

There is no question but that plaintiff knew all the facts that were known to Wortham or that were inferentially represented by the latter to be true. Plaintiff was living with Johnson, and they both rode over to Wortham's house to see him about the proposed exchange of lands between him and Johnson; he heard the parol agreement and knew all about it; he knew that the land was the homestead of Wortham and wife; that it could not be conveyed without her consent; that the parol contract was not binding and could not be enforced as it then

stood—that is, he would be presumed to know such legal effect; he knew all about the transaction at least as well or better than Wortham, because it is shown that the latter was illiterate, not able to read and write. In such case we can not see where the elements of estoppel are. Plaintiff knew all that was to be known at that time, and that was enough to cause him as a reasonably prudent man to see that legal transfers were made of the property so as to vest in him a legal title. No one was legally bound by what had transpired in his presence, and when he acted upon it, as he says, he took the risks incident to the then condition of things. What defendant said to him by way of permission to purchase from Johnson was of no consequence, he himself being in full possession of all the facts which should have advised him that he could not then obtain a title from Johnson. He was not misled, and it would be no fraud upon him to adjudge the title in the parties now as it stood then. Watson v. Hewitt, 45 Texas, 472; Scoby v. Sweatt, 28 Texas, 713.

The question as to whether he could recover the land if his vendor could recover is not before us. We doubt that the court below would have held under the circumstances of the agreement and subsequent facts that Johnson could have maintained the action. These questions were not decided and we will not anticipate them.

We are satisfied that plaintiff's title by estoppel failed, and that the judgment of the lower court should for that reason be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 9, 1891.

*C. N. Allen* and *Hodges & Nichols*, for appellee, argued a motion for rehearing. It was transferred to Tyler Term and there overruled.