WESTERN UNION TELEGRAPH COMPANY v. W. T. MITCHELL.

Application No. 986.—Decided April 9, 1896.

**1. Jurisdiction of Supreme Court—Conflicting Decisions.**

The decision of the Court of Civil Appeals in this case held to present such conflict with the decisions in Railway v. Worley and Hammond v. Garcia in the Fourth District as to give the Supreme Court jurisdiction to revise a judgment reversing and remanding the cause.

**2. Revision on Appeal—Motion for New Trial.**

Courts of Civil Appeals may consider an assignment of error based upon the action of the trial court in qualifying a charge requested, although such action was not complained of in the motion for new trial in the District Court.

**3. Same—When Motion for New Trial Necessary.**

When the trial court overrules or sustains exceptions to the petition, admits or rejects evidence, or gives, refuses, or qualifies instructions, and such action becomes matter of record, being the action of the court itself, it is subject to revision. The aggrieved party is not bound to ask a revision of such ruling in a motion for new trial.

APPLICATION for writ of error to the Court of Civil Appeals for Third District, in an appeal from Hays County. The application was made to bring up a judgment of the Court of Civil Appeals reversing and remanding the case, on the ground that the ruling conflicted with those in the Fourth District on the same point. The conflict was held sufficient to give jurisdiction, but the ruling in this case being approved the writ was refused.

*Hutchison & Franklin, John A. Green, Sr.,* and *John A. Green, Jr.,* for application.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Third District reversed the judgment of the District Court in this case and remanded the cause for a new trial. It was objected in the Court of Civil Appeals, that that court could not consider the eighth assignment of error as presented by the appellant, because the error complained of was not specified in the motion for new trial filed in the District Court. The assignment questioned the correctness of the qualification by the district judge of a charge asked by the plaintiff and given by the court. The Court of Civil Appeals for the Third District, over the appellee's objection, considered that assignment. To give this court jurisdiction of the application for writ of error, it is alleged that this ruling of the Court of Civil Appeals is in conflict with the decisions of the Court of Civil Appeals for the Fourth Supreme Judicial District in the following cases: Railway v. Worley, 25 S. W. Rep., 479; Hammond v. Garcia, 25 S. W. Rep., 824. Upon examination of the cases we find the ruling of the two courts in conflict upon this question, which gives jurisdiction to this court to consider the application for writ of error, where the judgment of the trial court has been reversed and the case remanded.

We find no error in the action of the Court of Civil Appeals in this case upon any of the questions presented by the application for writ of error, and it must be refused; but we think it proper to state our views upon the question on which the two courts are in conflict.

The question is, Can the Courts of Civil Appeals consider an assignment of error based upon the action of the trial court in giving, qualifying, or refusing charges when such action was not specified in the motion for new trial in the District Court? The Court of Civil Appeals for the Fourth District has held that such assignment cannot be considered. (See cases above cited.)

The provisions of our Revised Statutes which bear upon the question are as follows:

"Art. 1370. New trials may be granted and judgments may be set aside or arrested on motion, for good cause, on such terms and conditions as the court shall direct."

"Art. 1371. Every such motion shall be in writing and signed by the party or his attorney, and shall specify the grounds upon which it is

founded, and no grounds other than those specified shall be heard or considered."

"Art. 1363.   The ruling of the court in the giving, refusing, or qualifying of instructions to the jury shall be regarded as excepted to in all cases."

"Art. 1018.   The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds upon which he relies, before he takes the transcript of the record from the clerk's office; all errors not distinctly specified are waived."

The Supreme Court has prescribed the following rules, which bear upon the question:

## "Rules for the Government of the District Courts."

"67.   Each ground of a motion for a new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designed to be complained of in such way as that the point of objection can be clearly identified and understood by the court."

"68.   Grounds of objections couched in general terms, as, that the court erred in its charge, and in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, that the verdict of the jury is contrary to the evidence, or the verdict of the jury is contrary to law, and the like, shall not be considered by the court."

## "Rules for the Courts of Civil Appeals."

"24.   The assignment of errors must distinctly specify the grounds of error relied on, and a ground of error not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental as that the court would act upon it without an assignment of error, as mentioned in rule 23."

"25.   To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify whether it be the rulings of the court upon motion or upon any particular part of the pleadings or upon the admission or rejection of the evidence or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, etc."

Article 1363 makes it unnecessary to take a bill of exceptions to the action of the court in giving, refusing or qualifying charges, but such action becomes a part of the record as a matter of law, the same as if a bill of exceptions had been taken.

Article 1371 and rules 67 and 68 for the District Court have reference alone to the preparation of, and to the action of the trial court upon the motion for new trial—that is, the party who makes the motion must

distinctly specify the grounds, and cannot call upon that court to consider any matter which is not so specified in the motion.

Article 1018 and rules 24 and 25 for the Courts of Civil Appeals govern the action of that court. Article 1018 does not, in terms nor by implication, restrict the assignments of error to those matters set up in the motion for new trial, but leaves it subject to the control of the Supreme Court under its power to make rules for the government of the different courts. In the exercise of that power, the Supreme Court adopted rules 24 and 25, which limit the consideration of errors to those matters which are properly assigned in accordance with the rules of the court and which appear in the record of the case. The record referred to is not restricted to such matters as are specified in the motion for new trial, but embraces all the errors of the court trying a case which are made to appear upon the record in the manner prescribed by law or the rules of the court.

It has been held by this court that it would not upon appeal or writ of error consider assignments based upon the insufficiency of the evidence to support the verdict, unless that ground was specified in the motion for new trial. King v. Gray, 17 Texas, 62; Clark & Loftus v. Pearce, 80 Texas, 151. But this ruling has not been applied to those matters upon which the trial court has directly acted and which are made properly to appear in the record of the case. Allen v. Stephanes, 18 Texas, 670; Clark & Loftus v. Pearce, supra.

In the case last cited, Judge Gaines, after laying down the rule stated above, states the reasons for the distinction between it and that applicable in this case in the following language: "In regard to the ruling of the court upon exceptions to the pleadings, the admission of evidence, and in the giving or refusal of instructions, a different rule prevails. Having once acted, it is not to be presumed that the judge will change his ruling, and hence in order to appeal from such action it is not necessary that it be made ground for new trial; but it is always optional and proper to do so."

In the same case it is said: "This court can properly reverse only for error in the rulings of the lower court, and however contrary to the evidence a verdict may be, if responsive to the issues and in proper form, the trial court has no discretion, but is bound to enter judgment upon it. Therefore it would seem to follow that before it can be claimed that there is error in the ruling of the court upon the sufficiency of the evidence to support the finding of the jury, the action of the court upon the matter should be invoked by a motion for a new trial, which states specifically the grounds for which the verdict is sought to be annulled. Aside from this, it is to be presumed that if the verdict is not supported by the evidence, the court in which it was returned would set it aside upon motion, and we are of opinion, therefore, that a proper practice demands that a party who deems himself aggrieved by the finding of a jury should exhaust his remedies in the trial court before appealing to another tribunal on the ground of error in the verdict." The action of the court must be

invoked, and that action made part of the record by its order upon the motion.

When the court overrules or sustains exceptions to the pleading, admits or rejects evidence over objection properly presented and preserved, or gives, refuses, or qualifies instructions, it becomes a matter of record; it is the action of the court itself and subject to revision. The party desiring a revision of the judgment may by motion for a new trial appeal to that court to review its action in such matters, or he may rely upon his record as made and claim under proper assignments a revision of such action by the appellate court. There was no error in the action of the Court of Civil Appeals in this case in considering the assignment of error on the ground that the subject thereof had not been presented in the motion for a new trial. The application for writ of error is refused.

*Writ of error refused.*

April 9, 1896.

DENMAN: J., not sitting.