JAKE KELLER v. ROY KIRBY.

Decided February 3, 1904.

**Deed—Mortgage—Legal Title.**

An instrument in writing in the form of a deed, though in fact a mortgage to secure a loan of money, can not, by a cancellation of the note given for the debt and a parol agreement that it shall convey absolute title to the land, convey such title to the mortgagee, but the legal title remains in the mortgagor until foreclosure or the execution of a conveyance in writing sufficient to pass title.

Appeal from the District Court of Gonzales. Tried below before Hon. M. Kennon.

*B. R. Abernethy* and *Harwood & Walsh,* for appellant.

*W. D. C. Jones* and *Yancy W. Holmes,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant sued appellee, a minor, and Charles J. Engelhart and Eleanor Engelhart, to establish his title to 100 acres of land off the John Atkinson survey in Gonzales County. The Engelharts disclaimed any interest in the land and were dismissed from the suit. The cause was tried by jury and resulted in a verdict and judgment for appellee.

The facts are these: In 1894 James Kirby, the father of appellee, borrowed $1000 from appellant and to secure its payment gave a promissory note and a deed to appellant to the land in controversy. The money was not paid, and appellant testified that James Kirby proposed that appellant should return to him his promissory note and that the deed, which was in fact a mortgage, should convey the title to appellant, and the proposition was accepted and the note returned to James Kirby. James Kirby lost his life in the Galveston flood in September, 1900. Appellee is his sole heir.

In an ex parte deposition of appellant he was uncertain as to whether Kirby agreed to let him have the land for the debt or not, but said that was the case if he remembered "rightly." He did not remember at that time whether it was $800 or $1000 he loaned Kirby. He forgot that he owned the land until after Kirby's death. He had never paid any taxes on the land, and had never been in possession of it. It does not appear that he advanced any claim to the land until he filed his suit in October, 1902, two years after Kirby's death, and perhaps eight years after he says the land was conveyed to him by Kirby's parol agreement. The testimony was so unreasonable and unsatisfactory that the jury were justified in finding, if they saw fit, that no such parol agreement was ever made. The negotiations and conversations of James Kirby with appellant were admitted doubtless because appellee found it necessary to prove the circumstances constituting the deed a mortgage by ap-

pellant, but it is not apparent why appellant was allowed to testify as to a verbal sale of the land to him by Kirby.

The court instructed the jury that they should return a verdict for appellee if it was found that the deed was a mortgage executed to secure a debt due by James Kirby to appellant. The charge is attacked by appellant, who advances the proposition that a deed, in fact a mortgage given to secure the payment of a sum of money, can be transformed into an absolute conveyance of the land by a cancellation of the note given for the debt and a parol agreement that the deed shall convey the absolute title to the lands. A number of authorities have been cited by appellant none of which sustains his proposition.

The authorities cited, that touch the matter at all, hold, as did the trial judge in this case, that if the instrument of writing was ever a mortgage it continued a mortgage and remained in full force and effect until it was abrogated by a new contract supported by an adequate consideration. Ruffier v. Womack, 30 Texas, 332.

The entire testimony shows that the instrument, though in form a deed, was a mortgage given to secure a debt. Being a mortgage, under the Texas doctrine, the title to the property remained in James Kirby, the mortgagor, and would so remain until there was a foreclosure of the lien evidenced by it or a voluntary conveyance in writing sufficient to convey the title to real estate. Soell v. Hadden, 85 Texas, 189; Willis v. Moore, 59 Texas, 628. Had the instrument been in form a mortgage, it would not for a moment be contended that title to the land could be passed by a parol agreement on the part of the mortgagor, and that neither a foreclosure nor a written conveyance would be necessary to place the title to the land in the mortgagee. It can with no greater reason be contended that because the mortgage assumed the form of a deed the mortgagor could give it the effect of an absolute conveyance simply by declaring that it should be in the future in essence what it had been and was in form. If it was in fact a mortgage when executed, it remained a mortgage forever, and it could never be the evidence of a sale no more than it could if it had mortgage written on it from one end to another, and the title to the land remained in James Kirby. The transaction had the nature of a mortgage to secure a debt impressed on it and nothing could change it. To destroy its effect a foreclosure of the lien or a deed to the land was absolutely necessary. Peugh v. Davis, 96 U. S., 332.

In Jones on Mortgages, section 338, it is stated that "by an independent parol agreement the mortgagor may waive his rights under a deed which was originally in effect a mortgage, and if this agreement is supported by a consideration, or is partially acted on by the parties or fully performed, the mortgagor is estopped to deny the grantee's absolute title." As a reason for the rule it is said "the grantee has the legal title already," which is no reason at all in Texas, because the legal title to the land remains in the mortgagor and does not pass to the mortgagee.

This would differentiate a Texas case from those of any State in which it is held that the legal title passes by a mortgage to the mortgagee.

Two cases are cited to support the text above quoted: Jordan v. Katz (Va.), 16 S. E. Rep., 866, and Scanlan v. Scanlan (Ill.), 25 N. E. Rep., 652. In the first case Jordan wanted a parcel of land on which to build and applied to Katz to purchase it for him. He did so and erected a house thereon, Jordan agreeing to pay for the land and improvements at the rate of $7 per month. Afterwards failing to make the payments the land was placed, with the acquiescence of Jordan, in the hands of land agents to be rented and Jordan rented it. Afterwards he refused to pay the rent and sued to have the deed to Katz declared a mortgage. It was held by the Virginia court that he had waived his rights under the deed by the parol agreement by which he became a tenant of Katz. The decision was placed on the ground that he had only an equitable title to the land which under decisions, both English and American, could be waived, rescinded or abandoned by a subsequent distinct and independent parol agreement. In the Illinois case there was a transfer of the equity of redemption in writing and there is nothing that sustains the text as to parol agreements.

In Devlin on Deeds, chapter 31, the subject of deeds that are in fact only mortgages is fully discussed, and it is stated that in those States in which the mortgage, irrespective of its form, is simply a lien or charge upon the mortgaged premises, the mortgagor retaining the legal title, the title is not transferred to the mortgagee by the surrender or cancellation of the defeasance. He cites in support of the text the case of Brinkham v. Jones, 44 Wis., 498.

In the case of Howe v. Carpenter, 6 N. W. Rep., 357, Carpenter borrowed money from Howe and to secure the debt executed to him an absolute deed to certain land. Afterwards Carpenter verbally agreed to surrender all claim to the land in consideration of the cancellation of the debts due by him. The evidences of the debts were surrendered and Howe was placed in possession of the land. The Supreme Court of Wisconsin said: "Under repeated decisions of this court, and especially the decision of Brinkham v. Jones, 44 Wis., 498, it is held that the legal title to real estate does not pass to the mortgagee, no matter what the nature of the conveyance may be, which is given to him as security for his loan, and that when the evidence, either written or parol, establishes the fact that the relation of mortgagor and mortgagee exists between the parties, then the legal title to real estate remains in the mortgagor, and such title can only be divested by foreclosure and sale, or by some subsequent conveyance founded upon a sufficient consideration, and sufficient in law to transfer the title to realty from the mortgagor to the mortgagee. The evidence in this case shows that nothing has been done by the parties to this action which could operate to pass the legal title of the farm to appellant, no conveyance of any kind having been made." The doctrine stated must be the law in every State where the rule pre-

vails that a mortgage does not pass the legal title from the mortgagor to mortgagee.

Appellant did not in his pleading pray that in case the deed was declared to be a mortgage he should have judgment for his debt and foreclosure of his lien, and that question necessarily can not be considered in this court. The judgment is affirmed.

*Affirmed.*