McLEMORE v. BICKERSTAFF et al. *
(No. 1410.)

(Court of Civil Appeals of Texas. Texarkana. July 8, 1915. Rehearing Denied Oct. 7, 1915.)

1. JUDGMENT ☞256 — CONFORMITY TO SPECIAL VERDICT.

Under Rev. St. arts. 1986, 1990, 1994, providing that a special verdict shall be conclusive as to the facts found, and that the court must conform his judgment thereto, the court must conform its judgment to the special findings of the jury.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

2. DEEDS ☞66—DELIVERY—EVIDENCE—QUESTION FOR JURY.

Whether a deed was delivered, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 127, 633; Dec. Dig. ☞66.]

3. MORTGAGES ☞139 — ABSOLUTE DEED AS MORTGAGE.

A mortgagee holds only a lien, which is merely a legal right to have recourse on the mortgaged property to satisfy his claim in case of default, and on condition broken he must foreclose, and the fact that the mortgage is evidenced by a deed, absolute on its face, does not change the rule.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 278; Dec. Dig. ☞139.]

4. MORTGAGES ☞139 — VENDOR AND PURCHASER ☞228—ABSOLUTE DEED —TRANSFER OF PROPERTY—NOTICE.

One obtaining a conveyance from a grantee in a deed, absolute in form, but in fact a mortgage, acquires no title, unless he is a purchaser for value and without notice that the deed was a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 278, 728; Dec. Dig. ☞139; Vendor and Purchaser, Cent. Dig. §§ 495–501; Dec. Dig. ☞228.]

5. ESTOPPEL ☞107 — TITLE BY ESTOPPEL — PLEADING AND PROOF.

One claiming title by estoppel must plead and prove the facts creating an estoppel.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 297; Dec. Dig. ☞107.]

6. ESTOPPEL ☞58 — EQUITABLE ESTOPPEL — ELEMENTS.

An equitable estoppel cannot be invoked except to protect the party claiming its benefit from damage or loss resulting if the true facts should control, and one invoking the estoppel must point to some injury he will sustain if the true facts control.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 144, 145; Dec. Dig. ☞58.]

7. ESTOPPEL ☞21—DEEDS—ACTS CONSTITUTING.

A grantor in a deed, absolute in form but in fact a mortgage, signed as a witness a deed by the grantee to a third person. The third

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

* Application for writ of error pending in Supreme Court.

person knew as much about the legal status of the title as the grantor did. The grantor did not encourage or advise the conveyance to the third person. *Held*, that the grantor was not estopped from asserting, as against the third person, that the deed executed by him to the grantee was a mortgage, though all the parties believed that the grantee had the legal title and could convey it.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 26; Dec. Dig. ⊛⇒21.]

8. MORTGAGES ⊛⇒34 — ABSOLUTE DEEDS AS MORTGAGES—PAROL AGREEMENT.

Where a deed, absolute in form, was a mortgage at its inception, no subsequent parol agreement of the parties could change its legal character.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 83; Dec. Dig. ⊛⇒34.]

9. VENDOR AND PURCHASER ⊛⇒232—CONVEYANCE BY MORTGAGEE OUT OF POSSESSION—TITLE ACQUIRED.

A conveyance by a mortgagee out of possession passes no title to the grantee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–545, 548–562; Dec. Dig. ⊛⇒232.]

Error from District Court, Franklin County; H. F. O'Neal, Judge.

Trespass to try title by J. T. McLemore against Savannah Bickerstaff and others. There was a judgment for defendants, and plaintiff brings error. Affirmed.

A. L. Burford, of Texarkana, and R. T. Wilkinson, of Mt. Vernon, for plaintiff in error. Dinsmore, McMahon & Dinsmore, of Greenville, and R. E. Davenport, of Chickasha, Okl., for defendants in error.

HODGES, J. This suit was instituted in the form of an action of trespass to try title by the plaintiff in error against the defendants in error, to recover a tract of land situated in Franklin county. J. B. Bickerstaff is the common source of title, and the defendants in error are his children and only heirs. The plaintiff in error deraigns title through a deed from Bickerstaff to D. F. McLemore executed on January 29, 1889, and a conveyance from D. F. McLemore to himself executed in 1896. Among other defenses interposed by the defendants in error was a plea of limitation, based upon 10 years' adverse possession. J. B. Bickerstaff remained in possession of the property until his death, which occurred a short time before the institution of this suit, and after his death some of his children have continued to occupy the premises. The case was submitted to the jury upon special issues, and the following findings of fact made: (1) That the deed from Bickerstaff to D. F. McLemore in 1889, though absolute in form and purporting to convey the land in fee simple, was intended by the parties to be only a mortgage to secure McLemore in an indebtedness due him from Bickerstaff; (2) that a deed executed by D. F. McLemore in April, 1891, reconveying the land in controversy to Bickerstaff, was delivered and became effective; (3) that Bickerstaff and his children have held peaceable and adverse possession of the land in controversy continuously since January 29, 1889. Upon those findings the court entered a judgment in favor of the defendants in error.

The first assignment presented is as follows:

"The court erred in rendering judgment for defendants and in overruling plaintiff's motion for judgment in his favor, notwithstanding the findings of the jury."

[1] It is not denied that the findings of the jury justified, if they did not demand, a judgment in favor of the defendants in error. But it is argued that the state of the evidence was such that the court should have ignored those findings and entered up a judgment in favor of the plaintiff in error. It has long been the settled law in this state that when a jury has been impaneled to try the issues of fact, the court is required to conform his judgment to the jury's findings. Rev. Civ. Stat. 1911, arts. 1986, 1990, 1994; Ablowich v. Bank, 95 Tex. 431, 67 S. W. 79; Clark & Loftus v. Pearce, 80 Tex. 151, 15 S. W. 787; Western Union Tel. Co. v. Mitchell, 89 Tex. 444, 35 S. W. 4; Scott v. Farmers' & Merchants' Nat'l Bank (Civ. App.) 66 S. W. 493; Fant v. Sullivan (Civ. App.) 152 S. W. 521.

[2] We might rest the affirmance of this judgment upon the disposition made of this assignment, for none of those remaining are presented in a manner which entitles them to consideration; but the plaintiff in error insists that the judgment is fundamentally erroneous because of the insufficiency of the evidence to support it. Conceding, for the sake of argument, that the absence of sufficient evidence to support a judgment is an error apparent upon the face of the record which may be considered without an assignment, we think the appeal is without merit. The evidence shows that in 1889 Bickerstaff was the owner of the land in controversy, together with two other tracts. He was in need of money, and procured a loan from D. F. McLemore and made the deed of January 29, 1889, for the purpose of securing McLemore in the loan advanced. In 1891 McLemore executed a deed reconveying this tract, and other lands not here involved, to Bickerstaff. There was considerable dispute as to whether or not this deed was ever delivered. McLemore admitted its execution, but says that it was the understanding that the deed was to be delivered when Bickerstaff paid the debt; that he failed to do this, and the deed never had been delivered. The deed was produced on the trial as coming from the custody of D. F. McLemore. Savannah Bickerstaff, one of the defendants in error, testified: That her father at his death left a number of papers relating to his business, which she turned over to Mr. Davenport, his attorney. Before doing this she looked over them and found an instru-

ment in the form of a deed, which related to the land in controversy, and to which J. B. Bickerstaff and D. F. McLemore were parties. She did not recollect the date, but did recall that it also had a certificate of acknowledgment from S. M. Speer. Davenport testified that Miss Bickerstaff brought to his office a number of her father's deeds and papers, which were examined by him. One of them, according to his description, appeared to be the deed from D. F. McLemore to J. B. Bickerstaff, reconveying the land in controversy. This deed mysteriously disappeared from his office the very day it was brought to him. That an issue of fact regarding the delivery of the deed of 1891 was presented and determined by the jury in favor of the defendants. This alone is sufficient to defeat the plaintiff's right of recovery.

[3-5] But if it should be assumed, as the plaintiff in error contends, that the deed from D. F. McLemore in 1891 was never in fact delivered, there is ample evidence in the record, about which there appears to be little or no dispute, which shows that the chain of title upon which the plaintiff in error relies is insufficient to support his claim of ownership. It was admitted in the argument before this court that the deed from Bickerstaff to McLemore executed in 1889 was only a mortgage, as found by the jury. Under a well-established rule in this state the mortgagee acquires no estate in or title to the mortgaged property which he may convey to another. He holds only a lien, which is merely a legal right to have recourse on the mortgaged property for the satisfaction of his debt in case of default. He cannot sue and recover the property in the event the condition is broken, but must seek a foreclosure of his lien and a sale of the property. The fact that the mortgage is evidenced by a deed absolute upon its face does not alter the rule. Mann v. Falcon, 25 Tex. 274; Edrington v. Newland, 57 Tex. 627; Wiggins v. Wiggins, 16 Tex. Civ. App. 335, 40 S. W. 645, and cases cited. It follows, then, that if D. F. McLemore had no title to convey, the plaintiff in error acquired none by the conveyance made to him in 1896, unless he occupied the position of a purchaser for value and without notice that the deed under which his grantor held was only a mortgage. Stafford v. Stafford, 29 Tex. Civ. App. 73, 71 S. W. 984; 1 Jones on Mort., § 808. One who claims title by estoppel must plead and prove the facts which create an estoppel. There is in the evidence no pretense that the plaintiff in error was ignorant of the true character of the deed from Bickerstaff to D. F. McLemore; and, according to his own testimony, he paid no consideration for his conveyance. His deed recited a consideration of $3,500 to be paid in two installments, but he admits that it was never the intention of the parties that those notes were to be paid;

they were given merely to prevent plaintiff in error from disposing of the land. The notes were afterwards returned to him, and D. F. McLemore afterwards made a will, devising the land to all of his children in equal portions. We then have the situation of a grantee who paid no consideration, and who had notice that his grantor had no right to convey, insisting upon a title by estoppel.

The evidence shows that the deed from D. F. McLemore to the plaintiff in error was signed by Bickerstaff as a witness, but was acknowledged before a notary public by the grantor. There was also evidence tending to show that Bickerstaff received a credit on his debt due to D. F. McLemore equal to the sum recited in the deed. It is insisted that these facts are sufficient to create an estoppel against the heirs of Bickerstaff, notwithstanding the notice to the plaintiff in error and his failure to pay a valuable consideration for the transfer.

[6] There are at least two satisfactory reasons why these facts do constitute an estoppel. First, because an equitable estoppel cannot be invoked except for the purpose of protecting the party claiming its benefit from some damage or loss which might result if the true state of the facts should control the determination of the controversy. The party who invokes estoppel must be able to point to some injury he will sustain, if the truth is told. Here the plaintiff in error parted with no consideration, and can lose nothing if it be shown that he got no title. The only injury of which he can complain is the failure to obtain something for nothing. The fact that in the transaction Bickerstaff may have secured a benefit, in the nature of a credit on his debt, does not alter the situation. An estoppel is interposed, not because one party has received a benefit from the transaction, but because another may be injured. The rules governing estoppel are not to be confused with those which govern ratification.

[7] The second reason is, because the plaintiff in error apparently knew as much about the legal status of the title to the land as did Bickerstaff. Wortham v. Thompson, 81 Tex. 348, 16 S. W. 1059. The fact that Bickerstaff signed the deed to the plaintiff in error as a witness, standing unexplained, tends merely to show that he consented to the transaction. It does not imply that he encouraged or advised it. We may assume as true that all of the parties believed that D. F. McLemore had the legal title to the land and could convey it to another, and that they desired to accomplish that particular end; it would still be nothing more than a mistake of law. It would not follow that Bickerstaff would be guilty of a wrong such as to preclude him or his heirs from thereafter stating the truth about the transaction.

[8] If the deed under which D. F. McLemore claimed was a mortgage at its incep-

tion it remained a mortgage, and no subsequent parol agreement of the parties could alter its legal character. Keller v. Kirby, 34 Tex. Civ. App. 404, 79 S. W. 82; Ullman v. Devereux, 46 Tex. Civ. App. 459, 102 S. W. 1163; Hart v. Eppstein, 71 Tex. 752, 10 S. W. 85.

[9] A conveyance by a mortgagee out of possession passes nothing. Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72; 1 Jones on Mort. § 808. The law will impute a knowledge of these rules as much to the plaintiff in error as to any other party to the transaction. There is nothing in the record to indicate that he was ignorant of them. The evidence also shows that Bickerstaff remained in the undisturbed possession of the land from a period antedating the deed of 1889 till his death, and that he appropriated the rents and revenues to his own use; that afterward his children continued to occupy the premises and to make the same use of them. While the evidence shows that Bickerstaff paid the taxes, he seems to have rendered the property for taxation in the name of McLemore. During the time he remained in possession he sold and conveyed portions of the land included in McLemore's deed. The finding of the jury that the defendants in error had completed the bar of limitation is not without support.

For reasons not necessary to state we have passed over several tenable objections urged by the defendants in error against the consideration of this case on its merits.

There is no error in the judgment, and it is affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes