**FOSTER v. MILLINGAR et al. (No. 8040.)**

Court of Civil Appeals of Texas. San Antonio.
June 13, 1928.

Rehearing Denied July 18, 1928.

1. Mortgages ⬅546—Assignment by grantor under deed of trust of landlord's share of crops to be grown during following year, though made after foreclosure judgment, held valid as against one purchasing at subsequent sale after crops were sown.

Assignment by grantor under trust deed of landlord's share of crops to be grown in following year, where made after judgment of foreclosure of deed of trust, but before sale of land, which took place when the crops were in the ground, was effectual as against purchaser at foreclosure sale.

2. Mortgages ⬅137—Mortgagor retains title to mortgaged property until sale under judgment of foreclosure.

Mortgage is only security for debt in Texas, and title to mortgaged property remains in mortgagor until sale under judgment of foreclosure.

**3. Mortgages** ⬅**197—Mortgagor may sever crops standing on his land at any time prior to sale under mortgage.**

Mortgagor is entitled to sever crops standing on his land at any time prior to destruction of his title by sale under mortgage.

Appeal from Medina County Court; R. J. Noonan, Judge.

Suit by Lillian R. Millingar and others against Robert Foster. From an adverse judgment, defendant appeals. Reversed and rendered.

See, also, 293 S. W. 249.

Briscoe & Morris, of San Antonio, and David C. Brown, of Devine, for appellant.

James D. Crenshaw, of San Antonio, and V. H. Blocker, of Hondo, for appellees.

SMITH, J. During the years 1918 to 1922, inclusive, C. M. Thompson was the owner of a certain farm in Medina county, which he rented to Robert Foster during said period. The rent contracts were made orally, from year to year. At the close of the year 1922 Thompson again rented the land to Foster for the ensuing calendar year of 1923, for the usual rental of one-third of the grain crops and one-fourth of the cotton crop which Foster might raise on the place. Foster continued in possession of the farm, and planted, cultivated and harvested the 1923 crops. During the years mentioned Thompson, the landlord, had become indebted to Foster, the tenant, in a considerable sum, and, when the rental contract was renewed for the year 1923, it was agreed by them that Foster should retain Thompson's landlord's share of the 1923 crops and credit the proceeds thereof upon the latter's debt to the former. And when Foster gathered and marketed the crops in the fall of 1923, he sold the whole of the crops, appropriating Thompson's landlord's share as stipulated.

In the meantime, however, in 1920, Thompson had incumbered said farm with a deed of trust lien to secure a debt to another. In November, 1922, that lien was established and foreclosed by judgment rendered in a Bexar county district court, and in May, 1923, the land was sold under execution to Lillian R. Millingar, to whom it was conveyed by the sheriff. So it will be seen that, when Thompson contracted to rent the land to Foster for the year 1923, and assigned to Foster his landlord's share of the crops to be grown by Foster in that year, the Millingar lien was in force, and had progressed from a deed of trust lien to a judgment lien. But the sale under that judgment was not made, and Thompson was not divested of his legal title, until in May, 1923, when Foster's crops were in the ground. The crops matured, and the rent therefor became due in the fall of 1923.

This suit was brought by Mrs. Millingar against Foster to recover the rent for the farm for the year 1923. It was asserted by Mrs. Millingar that, because of the facts stated, she was entitled to the rents accruing on said land after she became the owner of the title thereto; that Thompson, the legal owner of the land, had no power to assign those rents, which accrued after he was divested of the title by reason of the foreclosure of the pre-existing lien. From a judgment in which Millingar recovered, Foster has appealed.

[1-3] Out of the facts stated arises the controlling question in the case: Did Thompson have the power to effectually assign his (landlord's) share of the 1923 crops, so as to cut off Millingar, the purchaser at the foreclosure sale in May, 1923? This case was before this court on a former appeal, and there was a ruling in the case "that Lillian R. Millingar, the owner of land which is subject to an outstanding lien, can convey no estate therein free of the lien." It does not appear that the case was fully presented, or that the view taken by the Supreme Court of Texas, which is contrary to the view of some states, was insisted on in this court.

However that may be, an opinion delivered by the Supreme Court, through Judge Stayton, in the case of Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284, fully settles every issue in this case in favor of appellant. In that case the difference between the rights existing between mortgagor and mortgagee of land in England and a number of the states of the Union, and those rights in Texas, is clearly and conclusively drawn. In England and many states of the United States the mortgagee of land is deemed the holder of the legal title, and upon that title he can maintain a suit for ejectment of the mortgagor. In Texas it has been uniformly held that a mortgage is only a security for a debt; the title to the mortgaged property remaining in the mortgagor, with the right of possession. As said by the Supreme Court:

"Such being the legal effect of a mortgage in this state, it will be readily seen that the foundation upon which the rights of mortgagees is based in England and in some of the states wholly fails."

The reasoning of the decision is invincible, and irresistibly leads to the conclusion reached by the court that:

"A mortgagor is entitled to sever in law or fact the crops which stand upon his land at any time prior to the destruction of his title by sale under the mortgage; this results from his ownership and consequent right to the use and profits of the land, and the mortgage is taken with knowledge of that fact."

The Willis-Moore Case has been often cited and never questioned in Texas. Silderberg v. Trilling, 82 Tex. 523, 18 S. W. 591; Security Mort. Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835; Lombardi v. Shero, 14 Tex. Civ. App.

594, 37 S. W. 613, 971; Brown v. Leath, 17 Tex. Civ. App. 262, 42 S. W. 655, 44 S. W. 42; Railway v. Smith, 19 Tex. Civ. App. 114, 47 S. W. 278; Stafford v. Stafford, 29 Tex. Civ. App. 73, 71 S. W. 984; Plow Co. v. Implement Co., 32 Tex. Civ. App. 343, 80 S. W. 1042; Keller v. Kirby, 34 Tex. Civ. App. 404, 79 S. W. 82; Sanger v. Hunsucker (Tex. Civ. App.) 212 S. W. 514; Bowyer v. Beardon (Tex. Com. App.) 291 S. W. 219. Appellant, under the transfer from Thompson, had the right to the proceeds of the crops of 1923.

Under the authorities cited, the judgment will be reversed, and judgment here rendered that appellees take nothing by their suit, and pay all costs in this behalf expended.