## HARTFORD ACCIDENT & INDEMNITY CO. v. GRAVES.

### No. 2096.

Court of Civil Appeals of Texas. Eastland.

Feb. 7, 1941.

Rehearing Denied March 7, 1941.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

FUNDERBURK, Justice.

Carroll Graves, an employee of West Texas Cotton Oil Company, suffered an accidental injury on January 16, 1938, while in the course of his employment. His claim for compensation insurance was settled by a compromise agreement approved by the Industrial Accident Board. In accordance with the settlement agreement said employee was paid the sum of $10 by Hartford Accident & Indemnity Company, the insurance carrier for said employer. Afterwards said Carroll Graves, who will hereinafter be referred to as the employee,

brought this suit against said Hartford Accident & Indemnity Company, hereinafter referred to as the insurer, to set aside said compromise settlement on the ground that he was induced by fraud to enter into the agreement and accept the $10 in payment of his claim.

In a jury trial the case was submitted upon special issues, all of which, unless it was Special Issue No. 5, were found in favor of the employee. The insurer duly filed a motion for judgment entitled "Motion for Judgment Non Obstante Veredicto." In said motion it was alleged that the "court erred in submitting said special issues (referring to all of the issues as thereinbefore set out) or any of them, to the jury and that said findings are wrong, (with the exception of the answer to Special Issue No. 5) and all others *except No. 5* should be held for naught", etc. (Italics ours.) The motion further alleges "that judgment should be entered for the defendant notwithstanding the answers to all the issues submitted by the court to the jury *with the exception* of Special Issue No. 5, and the defendant calls to the court's attention the fact that by answering Special Issue No. 5, as it did to the effect that Dr. Clark, the defendant's physician at the time he gave certain advice to the plaintiff, did not know that the plaintiff was contemplating a compromise settlement with the defendant, and it is submitted, therefore, that the statement made by Dr. Clark could not have been fraudulent in-as-much as he did not contemplate the plaintiff's entering into a compromise settlement with this defendant at the time he made the statement," etc. The court overruled said motion and rendered judgment for the employee. The insurer has appealed.

Fraud consisting of false representations inducing one to enter into a contract comprises a number of essential elements. These elements are variously stated in the opinions of courts and by text writers. Some at least of the variations in the statements may result from the fact that sometimes an element is stated which includes by implication two or more elements. For example, reliance upon a representation may include, by necessary implication, belief of the truth thereof. Sometimes the element of materiality is implied in the statement of the representations.

■ Based, as may be presumed, upon a general survey of all the authorities, Corpus Juris gives the general elements of actionable fraud as follows: "(1) A representation. (2) Its falsity. (3) Its materiality. (4) The speaker's knowledge of its falsity or ignorance of its truth. (5) His intention that it should be acted upon by the person and in the manner reasonably contemplated. (6) The hearer's ignorance of its falsity. (7) His reliance on its truth. (8) His right to rely thereon. (9) And his consequent and proximate injury." 26 C.J. p. 1062, sec. 6. (As to element (4)—"The speaker's knowledge of its falsity, or ignorance of its truth", the courts of Texas have taken a minority view. 26 C.J. 1131, sec. 53. The effect is to eliminate this element from actionable fraud in this State. See authorities cited Id., p. 1133, note 15 (e). In Texas Jurisprudence the elements of fraud are given thus: Defendant "made or was connected with making of the representation; that the representation was as to a material fact; that the representation was false at the time it was made; that the representation was made with intent and design to induce the plaintiff to do or refrain from doing some act; that the representation was relied on by the plaintiff—in other words, that the plaintiff believed it to be true and was induced thereby to act or refrain from acting; and that the plaintiff thereby suffered damage or injury." 20 Tex.Jur. p. 17, sec. 8.

It is to be observed that according to both of said authorities, one element of actionable fraud is, as stated in Corpus Juris, "His intention that it [the representation] should be acted upon by the person and in the manner reasonably contemplated", and, as stated by Tex.Jur., "that the representation was made with intent and design to induce the plaintiff to do or refrain from doing some act." This same element is stated in American Jurisprudence and in Ruling Case Law, thus: "* * * that it [the representation] was made with intent to deceive and for the purpose of inducing the other party to act upon it." 23 Am.Jur. 773, sec. 20; 12 R.C.L. 240, sec. 10. The insurer cites the opinion of Judge Sharp in Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572, 573, which, by combination and the omission of the element of knowledge of falsity, enumerates the elements as six—one being that "he [one charged with fraud] made it [the representation] with the intention that it should be acted upon by the party."

■ It is believed that no authoritative text book, or court decision, purporting to

state all the essential elements of actionable fraud, based upon representations, can be found which omits the element of intention that the representation should induce the action (or inaction) claimed to have been induced thereby. As applicable to the making of a contract, or the relinquishment of a right, induced by a representation relied upon as an element of fraud, it is thought to be just as essential that the representation was made with the intention that it have such effect as that it did have such effect.

■ The employee's petition in this case expressly alleged the essential elements of fraud, except one to the effect that the representation made by Dr. Clark was made *with the intention* that it induce the employee to settle his claim by agreement in ignorance of the seriousness of his injury. That element, however, though not expressly alleged, was undoubtedly implied in the following allegations, namely: "This plaintiff would show that at the time Dr. J. Frank Clark told this plaintiff that he had only a sprain of his back and that there was no involvement other than a minor sprain, the said Dr. Clark told plaintiff said falsehood knowing that the defendant, Hartford Accident & Indemnity Company, was going to attempt a settlement with the defendant and knew at the time he made said representation that if he told the said plaintiff his true condition that this plaintiff would never have signed the compromise settlement agreement which was later signed with the defendant through its agents." If by the allegations just quoted, it was not intended to plead, as an element of the alleged fraud, that the representation was made with intention that it induce the defendant to make the compromise agreement, then such issue was not pleaded at all. If by said allegations said element was implied, then if that issue was submitted to the jury, it was by Special Issue No. 5. Special Issue No. 5 was stated thus: "Do you find from a preponderance of the evidence that at the time Dr. Clark gave the plaintiff the advice mentioned in Special Issue No. 3, if he did give it, that he, Dr. Clark, knew that the plaintiff was contemplating a compromise settlement with the defendant?" The jury answered this issue "No." The "advice mentioned in Special Issue No. 3" was that Dr. Clark "had told plaintiff that he had

only a minor strain to the muscles of his back." It cannot be questioned, we think, that the issue submitted as Special Issue No. 5 was the issue pleaded. Such issue as submitted may not have been well stated, but it was just as well stated in the special issue submitted as in the pleading which tendered it. Had the jury answered Special Issue No. 5 "Yes," that answer would have implied a finding of one of the essential elements of actionable fraud; namely, that the alleged representation (referred to as advice) was made by Dr. Clark with the intention that it induce the employee to make the settlement agreement. The answer "No" constituted a finding to the effect that the representation was not made with such intention.

■ The finding upon Special Issue No. 5 rendered the special verdict, as a whole, ineffective to support a judgment for the employee. The employee had the burden of establishing in his favor, conclusively by the evidence, or by verdict of the jury, each and all of the essential elements of fraud as pleaded. According to the verdict of the jury he failed to establish one such element. The result was to require judgment for the insurer.

The insurer's propositions, other than the third proposition, are believed to be without merit and are overruled without discussion.

■ It is our view that no important effect should be ascribed to the fact that the insurer's motion was entitled "A Motion for Judgment Non Obstante Veredicto." By its express terms, the insurer sought the advantage of the finding in its favor upon Special Issue No. 5 and in part, at least, insisted that it was entitled to judgment by reason of said finding, and notwithstanding the findings upon other issues. In such respect the motion was, in reality, a motion for judgment upon the verdict of the jury.

It is our conclusion that the only proper judgment which could have been rendered in accordance with the pleadings and the verdict of the jury was a judgment for the insurer, and that the motion presented that question to the trial court for decision.

We are, therefore, of the opinion that the judgment should be reversed and judgment here rendered for the insurer. It is so ordered.