From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### SCHOOLER v. ASSOCIATED INDEMNITY CORPORATION.
#### No. 2529.

Court of Civil Appeals of Texas. Eastland.

May 3, 1946.

Rehearing Denied May 31, 1946.

Dan Abbott, of Abilene, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

GRISSOM, Chief Justice.

This is a suit by W. B. Schooler against Associated Indemnity Corporation instituted for the purpose of setting aside a compromise settlement of plaintiff's claim for workmen's compensation. Schooler alleged he was induced by fraudulent representations of defendant's doctor to enter into the compromise settlement agreement. The jury found (4 and 5) that on April 8, 1941, defendant's doctor advised plaintiff "that he was all right and in fine shape"; (7) that said statement was false; (8) that at the time the compromise settlement agreement was made, Schooler believed said statement and (9) relied thereon; (10) that plaintiff would not have made the settlement agreement but for such statement, and (11) that it was a material inducement to plaintiff in making the compromise settlement agreement. The jury further found, however, (20) that Schooler knew he was not all right and in fine shape on April 14, 1941.

The court rendered judgment for defendant, and plaintiff has appealed. The judgment, after setting out the verdict of the jury, including its finding that Schooler knew "that he was not all right and in fine shape on April 14, 1941," further recites: "And it appearing to the court from the pleadings and evidence, as well as from such verdict, that plaintiff ratified the compromise settlement which he is seeking to set aside by accepting benefits after he knew of the falsity of the alleged fraudulent representations * * *."

A careful study of the statement of facts leads us to the conclusion that the evidence is insufficient to support a finding that Schooler knew that he was not all right and in fine shape on April 14, 1941. The language of issues 4 and 20 is less comprehensive than the testimony justifies. The gist of the testimony relative to Schooler's condition was that Schooler was advised by appellee's agent and the two doctors who examined him, in substance that his heart was all right on April 8th; that he was doing all right; that, in their opinion, by staying in bed and resting for a few weeks he would be able to return to work. There is no intimation that on either April 8th or 14th Schooler was well and able to work. From all the testimony it is clear that the cheering statement that Schooler was in fine shape on April 8th, if made, was directed at the supposedly healing and improving condition of his heart at that time. Dr. Johnson's report to the appellee, dated April 10th, stated that he examined appellant on April 9th and that his heart then showed no abnormality. Dr. Johnson's report continued: "He is still at rest in bed *and will continue to be for at least two weeks longer.* He states that he is steadily improving and is very anxious to get up and return to his duties." (Italics ours.) This statement is followed by the opinion of Dr. Johnson that Mr. Schooler had suffered a coronary occlusion; "that he is progressing satisfactory and will in a short while reach complete recovery." Mr. Schooler's statement dated April 8th contained the following: "I am confined to bed at this time. However, I will get up out of bed in another two weeks or so and try and go back to work in the next 6 or 8 weeks." There is nothing in the record to sustain the jury's answer to issue 20, to-wit, that Schooler knew on April 14th that he was not all right and in fine shape, except the fact that he was still in bed and did not feel well. This was certainly to be expected in view of the diagnosis and statements of the doctors and the statement of Schooler. There is nothing in the record indicating that they or appellee believed on April 8th that by April 14th Schooler would be out of bed. The record does not show

that Schooler had additional or different information as to his condition on April 14th. The record shows without dispute that appellee's doctor advised it on April 10th that Schooler would be confined to his bed "for at least two weeks longer." That Schooler, on April 8th, advised Appellee that he expected to be out of bed "in another two weeks or so" and that he would "try" to go back to work in "6 or 8 weeks." All parties knew when the compromise settlement agreement was made on April 8th that Schooler would still be in bed and that he would not be well on April 14th. Under such circumstances, it is evident Schooler did not have any new or additional knowledge of his condition on April 14th that would cause him to be estopped by then accepting the consideration for his agreement of April 8th. Under the circumstances shown, knowledge of the fact on April 14th that his injury was serious or permanent (contrary to the substance of the alleged representations of appellee's agents on April 8th) was an indispensable element of the asserted estoppel. See 31 C.J.S., Estoppel, §§ 67, 70, pp. 254, 264; 19 Am.Jur. 648; Williams v. Texas Emp. Ins. Ass'n., Tex.Civ.App., 135 S.W.2d 262 (writ refused). It is apparent that on April 8th both parties expected Schooler to be in substantially the condition he was in on April 14th and that they had equal knowledge of his condition at that time. See 17 Tex.Jur. 143, 147; Hunt v. W. O. W. Life Ins. Soc., Tex.Civ.App., 153 S.W.2d 857 (writ refused); Wortham v. Thompson, 81 Tex. 348, 16 S.W. 1059; Turner v. Ferguson, 58 Tex. 6, 9.

The substance of Schooler's case, if he has one, is that he was induced to execute the release by false representations as to the seriousness or permanency of his injuries. He testified in substance that he did not know of the seriousness or permanency of his injury until January, 1942, following his injury on March 11, 1941, and execution of the release on April 8, 1941, at which time he was advised by Dr. Adamson that the condition of his heart would prevent him from ever working again. See Cowan v. El Paso Electric R. Co., Tex.Com.App., 271 S.W. 79; Graves v. Hartford Accident & Indemnity Co., 138

Tex. 589, 161 S.W.2d 464, reversing Tex. Civ.App., 148 S.W.2d 859; Gulf C. & S. F. R. Co. v. Huyett, 49 Tex.Civ.App. 395, 108 S.W. 502 (writ refused).

The court erred in rendering judgment for appellee on the theory that appellant accepted the benefits of the compromise settlement agreement after he had knowledge of the falsity of the representation as to the seriousness or permanency of his injury and that he was therefore estopped to set such agreement aside.

The judgment is reversed and the cause remanded.

LONG, J., not sitting.